US Bank N.A. v Joseph (2021 NY Slip Op 00323)





US Bank N.A. v Joseph


2021 NY Slip Op 00323


Decided on January 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
BETSY BARROS, JJ.


2017-08034 
2018-00340
2018-00345
 (Index No. 6329/08)

[*1]US Bank National Association, respondent,
v
Elis Joseph, appellant, et al., defendants.


Law Office of Paul R. Kenney, LLC, New York, NY, for appellant.
Parker Ibrahim & Berg, New York, NY (Charles W. Miller III and Mitchell S. Kurtz of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Elis Joseph appeals from (1) an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated April 14, 2016, (2) an order of the same court dated April 19, 2017, and (3) an order of the same court (Peter P. Sweeney, J.) dated August 28, 2017. The order dated April 14, 2016, granted the plaintiff's unopposed motion to vacate a prior order of the same court dated September 10, 2013, directing dismissal of the complaint pursuant to CPLR 3215(c). The order dated April 19, 2017, insofar as appealed from, denied that branch of the motion of the defendant Elis Joseph which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. The order dated August 28, 2017, insofar as appealed from, granted the plaintiff's unopposed motion, inter alia, for an order of reference.
ORDERED that the appeals from the orders dated April 14, 2016, and August 28, 2017, are dismissed, without costs or disbursements; and it is further,
ORDERED that the order dated April 19, 2017, is reversed insofar as appealed from, on the law, without costs or disbursements, the order dated August 28, 2017, is vacated, and the matter is remitted to the Supreme Court, Kings County, for a hearing to determine whether the defendant Elis Joseph was properly served with copies of the summons and complaint pursuant to CPLR 308(2), and for a new determination thereafter of that branch of that defendant's motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
The defendant Elis Joseph (hereinafter the defendant) executed a mortgage regarding real property located on Macon Street in Brooklyn. The mortgage was subsequently assigned to the plaintiff, which commenced this action to foreclose the mortgage, and thereafter filed a supplemental summons and amended verified complaint dated March 3, 2008. The defendant never answered the complaint. The affidavit of a process server stated that the defendant was served by delivering the supplemental summons and amended complaint to an unnamed person of suitable age and discretion at an address on 222nd Street in Cambria Heights, on April 10, 2008. The process server further [*2]stated that he mailed a copy of the summons and complaint to the defendant at the same address on April 14, 2008.
In an order dated September 10, 2013, the Supreme Court directed dismissal of the complaint pursuant to CPLR 3215(c). On February 8, 2016, the plaintiff moved to vacate this order. The defendant did not oppose the motion, which the court granted in an order dated April 14, 2016. Thereafter, on or about May 31, 2016, the plaintiff moved, among other things, for an order of reference. While that motion was pending, the defendant moved, inter alia, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him on the ground that the court lacked personal jurisdiction over him. The court denied the defendant's motion by order dated April 19, 2017. Thereafter, by order dated August 28, 2017, the court granted the plaintiff's unopposed motion, among other things, for an order of reference. The defendant appeals from the orders dated April 14, 2016, April 19, 2017, and August 28, 2017.
As a preliminary matter, the appeals from the orders dated April 14, 2016, and August 28, 2017, must be dismissed since both orders were entered upon the defendant's failure to oppose the plaintiff's motions (see Alvarez v Jawaid, 163 AD3d 746, 748). No appeal lies from an order or judgment entered upon the default of the appealing party (see CPLR 5511; Sanchez v Rivera, 171 AD3d 965, 966; Gitzis v Isakov, 150 AD3d 1085, 1085).
"'The court does not have personal jurisdiction over a defendant when a plaintiff fails to properly effectuate service of process. In those instances in which process has not been served upon a defendant, all subsequent proceedings will be rendered null and void'" (Bank of N.Y. Mellon v Lawson, 176 AD3d 1155, 1156-1157, quoting Washington Mut. Bank v Murphy, 127 AD3d 1167, 1173-1174). "Ordinarily, the affidavit of a process server constitutes a prima facie showing of proper service, but when a defendant submits a sworn denial of receipt of service containing specific facts to refute the statements in the affidavit of the process server, the prima facie showing is rebutted and the plaintiff must establish personal jurisdiction by a preponderance of the evidence at a hearing" (Wells Fargo Bank, NA v Spaulding, 177 AD3d 817, 819 [citation and internal quotation marks omitted]; see HSBC Bank USA, N.A. v Assouline, 177 AD3d 603, 604; Bank of N.Y. Mellon v Ortiz, 174 AD3d 489, 490).
Here, the process server's affidavit established, prima facie, that the defendant was served with process pursuant to CPLR 308(2) (see Bank of Am., N.A. v Latif, 148 AD3d 967, 969). However, in the affidavit submitted in support of his motion, the defendant averred that, at the time of the alleged service, he did not live at the address recited in the affidavit of service as being his residence, but rather, he lived at the mortgaged premises. Further, the defendant submitted the mortgage, which required him to occupy the mortgaged premises for a certain period of time. Additionally, the defendant submitted material that called into question the veracity of the process server (see Deutsche Bank Nat. Trust Co. v O'King, 148 AD3d 776, 777-778). Under the circumstances of this case, a hearing is required on the issue of whether the defendant was properly served with process (see U.S. Bank, N.A. v Arias, 85 AD3d 1014, 1016).
In light of our determination, the order dated August 28, 2017, granting the plaintiff's motion, inter alia, for an order of reference must be vacated.
Accordingly, the matter must be remitted to the Supreme Court, Kings County, for a hearing to determine whether the defendant was properly served with process pursuant to CPLR 308(2), and for a new determination thereafter of that branch of his motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
DILLON, J.P., AUSTIN, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court