Wang v Stony Brook Univ. Hosp. (SUNY) (2021 NY Slip Op 05891)





Wang v Stony Brook Univ. Hosp. (SUNY)


2021 NY Slip Op 05891


Decided on October 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2018-08195
 (Index No. 25839/07)

[*1]Michael Wang, etc., appellant, 
v
Stony Brook University Hospital (SUNY), et al., respondents, et al., defendant.


Michael Wang, Stony Brook, NY, appellant pro se.
Letitia James, Attorney General, New York, NY (Judith N. Vale and David Lawrence III of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for employment discrimination on the basis of race and national origin, the plaintiff appeals from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated May 21, 2018. The order denied the plaintiff's motion, in effect, to restore the action to the calendar and granted the motion of the defendants Stony Brook University Hospital ("SUNY"), Peter Glass, and Frederick Schiavone pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction.
ORDERED that the order is affirmed, with costs.
In December 2001, the plaintiff, who was born in China, was dismissed from the residency training program at Stony Brook University Hospital. In August 2007, the plaintiff, proceeding pro se, commenced this action, inter alia, to recover damages for employment discrimination on the basis of race and national origin, and served the defendants by depositing the summons and complaint in a United States Postal Service mailbox. In October 2017, the plaintiff moved, in effect, to restore the action to the calendar. The defendants Stony Brook University Hospital ("SUNY"), Peter Glass, and Frederick Schiavone (hereinafter collectively the defendants) moved pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction. The Supreme Court denied the plaintiff's motion and granted the defendants' motion. The plaintiff appeals.
"'The court does not have personal jurisdiction over a defendant when a plaintiff fails to properly effectuate service of process. In those instances in which process has not been served upon a defendant, all subsequent proceedings will be rendered null and void'" (US Bank N.A. v Joseph, 190 AD3d 878, 880, quoting Bank of N.Y. Mellon v Lawson, 176 AD3d 1155, 1156-1157 [internal quotation marks omitted]). Here, by mailing the summons and complaint via regular mail, the plaintiff failed to properly effectuate service (see CPLR 307, 308, 312-a). Accordingly, the Supreme Court properly granted the defendants' motion to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction.
The plaintiff's remaining contentions either are without merit or need not be reached [*2]in light of our determination.
MASTRO, J.P., AUSTIN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court