U.S. Bank N.A. v Sodhi (2021 NY Slip Op 06643)





U.S. Bank N.A. v Sodhi


2021 NY Slip Op 06643


Decided on November 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
LARA J. GENOVESI, JJ.


2017-03668
 (Index No. 22449/08)

[*1]U.S. Bank National Association, etc., respondent,
v
Ajit Sodhi, et al., appellants.


Levine Singh, LLP, Hicksville, NY (Brian M. Levine of counsel), for appellants Ajit Sodhi and Anula Sodhi.
Goodwin Procter LLP, New York, NY (Allison J. Schoenthal and Richard A. Sillett of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants appeal from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered January 31, 2017. The order, insofar as appealed from, denied those branches of the motion of the defendants Ajit Sodhi and Anula Sodhi which were pursuant to CPLR 5015(a) to vacate a judgment of foreclosure and sale of the same court dated December 23, 2015, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction.
ORDERED that the appeal by the defendants Bank of America, N.A., and Jimmy Sodhi is dismissed, as those defendants are not aggrieved by the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is reversed insofar as appealed from by the defendants Ajit Sodhi and Anula Sodhi, on the law, and the matter is remitted to the Supreme Court, Nassau County, for a hearing to determine the validity of service of process upon those defendants and for a new determination thereafter of those branches of those defendants' motion which were pursuant to CPLR 5015(a) to vacate the judgment of foreclosure and sale and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction; and it is further,
ORDERED that one bill of costs is awarded to the defendants Ajit Sodhi and Anula Sodhi.
In March 2006, defendants Ajit Sodhi and Anula Sodhi (hereinafter together the defendants) executed a note in the sum of $1,000,000, which was secured by a mortgage on certain real property located in Brookville. The plaintiff alleged that the defendants breached the terms of the note and mortgage agreement by failing to make the required monthly payment due on September 1, 2008, and all subsequent monthly payments.
In December 2008, the plaintiff commenced this action to foreclose the mortgage. Thereafter, on December 23, 2015, the Supreme Court issued a judgment of foreclosure and sale upon the defendants' failure to answer the complaint.
In August 2016, the defendants moved, inter alia, pursuant to CPLR 5015(a) to vacate the judgment of foreclosure and sale and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction. The Supreme Court denied those branches of the motion without a hearing, and the defendants appeal.
"'The court does not have personal jurisdiction over a defendant when a plaintiff fails to properly effectuate service of process. In those instances in which process has not been served upon a defendant, all subsequent proceedings will be rendered null and void'" (Bank of N.Y. Mellon v Lawson, 176 AD3d 1155, 1156-1157, quoting Washington Mut. Bank v Murphy, 127 AD3d 1167, 1173-1174; see US Bank N.A. v Joseph, 190 AD3d 878, 880). "Ordinarily, the affidavit of a process server constitutes a prima facie showing of proper service, but when a defendant submits a sworn denial of receipt of service containing specific facts to refute the statements in the affidavit of the process server, the prima facie showing is rebutted and the plaintiff must establish personal jurisdiction by a preponderance of the evidence at a hearing" (Wells Fargo Bank, NA v Spaulding, 177 AD3d 817, 819 [citation and internal quotation marks omitted]; see US Bank N.A. v Joseph, 190 AD3d at 880).
Here, the process server's affidavits of service constituted prima facie evidence of valid service pursuant to CPLR 308 (see Wells Fargo Bank, NA v Spaulding, 177 AD3d at 819). However, the defendants' affidavits, along with those of their witnesses, were sufficient to rebut the process server's affidavits of service as to both of the defendants. Additionally, the defendants submitted material that called into question the veracity of the process server (see US Bank N.A. v Joseph, 190 AD3d at 880). Under the circumstances of this case, a hearing is required on the issue of whether the defendants were properly served with process.
The plaintiff's remaining contention is without merit.
MASTRO, J.P., MILLER, CONNOLLY and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court