Wang v State of New York (2022 NY Slip Op 02152)





Wang v State of New York


2022 NY Slip Op 02152


Decided on March 30, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.


2019-11631

[*1]Michael J. Wang, etc., appellant,
v
State of New York, respondent. (Claim Nos. 130737, 130813)


Michael Wang, named herein as Michael J. Wang, Stony Brook, NY, appellant pro se.
Letitia James, Attorney General, New York, NY (Judith N. Vale and Amit R. Vora of counsel), for respondent.



DECISION & ORDER
In related claims, inter alia, to recover damages for employment discrimination on the basis of race and national origin, the claimant appeals from an order of the Court of Claims (Gina M. Lopez-Summa, J.), dated June 18, 2019. The order denied the claimant's motion for leave to reargue his opposition to the defendant's motion to dismiss the claims and his cross motion seeking settlement conferences, which prior motion and cross motion had been granted and denied as academic, respectively, in an order of the same court dated October 5, 2018.
ORDERED that the appeal is dismissed, without costs or disbursements.
In December 2001, the claimant, who was born in China, was dismissed from the residency training program at Stony Brook University Hospital (hereinafter Stony Brook). Since then, he has commenced numerous actions in both federal and state courts, alleging discrimination on the basis of race and national origin.
In 2002, the claimant commenced an action against Stony Brook and two of its professors in the United States District Court for the Eastern District of New York (hereinafter the federal court). The federal court granted the defendants' motion for summary judgment dismissing the complaint, and the United States Court of Appeals for the Second Circuit affirmed that determination. Thereafter, the claimant filed six more complaints in the federal court, alleging the same facts and against many of the same defendants. In the last of the orders dismissing each of these complaints, dated June 11, 2018, the federal court warned the claimant that "the continued submission of frivolous and repetitive civil actions may result in the imposition of additional sanctions, including monetary penalties."
In August 2007, the claimant commenced an action in Supreme Court, Suffolk County, against many of the same defendants and alleging the same facts. The Supreme Court granted the defendants' motion to dismiss the complaint, and this Court affirmed that determination (see Wang v Stony Brook Univ. Hosp. [SUNY], 198 AD3d 1013).
In 2017 and 2018, respectively, the claimant commenced these identical claims in the [*2]Court of Claims. The defendant moved to dismiss both claims. The claimant cross-moved, seeking settlement conferences. By order dated October 5, 2018, the Court of Claims granted the defendant's motion and denied the claimant's cross motion as academic. The claimant then moved for leave to reargue his opposition to the defendant's motion and his cross motion. By order dated June 18, 2019, the court denied the motion. The claimant appeals.
The appeal must be dismissed, as no appeal lies from an order denying reargument (see Bank of N.Y. Mellon v Lewis, 200 AD3d 969, 969).
In light of the claimant's history of commencing repetitive actions alleging the same facts against many of the same defendants, we take this opportunity to caution him that engaging in frivolous conduct may result in the imposition of sanctions (see 22 NYCRR 130-1.1).
IANNACCI, J.P., MILLER, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court