Han Wang v Hua Yuan, LLC (2025 NY Slip Op 02574)

Han Wang v Hua Yuan, LLC

2025 NY Slip Op 02574

Decided on April 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
ANGELA G. IANNACCI
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2023-04415
 (Index No. 588/19)

[*1]Han Wang, respondent, 
v
Hua Yuan, LLC, defendant, Wei Yi Gao, appellant.

Stim & Warmuth, P.C., Farmingville, NY (Paula J. Warmuth and Glenn P. Warmuth of counsel), for appellant.
Fine & Bassik, Great Neck, NY (Barry S. Bassik and Michael Theodore Krupen of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for breach of contract, the defendant Wei Yi Gao appeals from an order of the Supreme Court, Nassau County (Sarika Kapoor, J.), entered March 7, 2023. The order, insofar as appealed from, upon reargument, adhered to a prior determination in an order of the same court (Roy S. Mahon, J.) entered May 19, 2022, denying that defendant's motion, inter alia, pursuant to CPLR 5015(a) to vacate so much of a judgment of the same court (Denise Sher, J.) entered May 4, 2021, upon that defendant's failure to answer the complaint, as was in favor of the plaintiff and against that defendant.
ORDERED that the order entered March 7, 2023, is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against the defendant Wei Yi Gao (hereinafter the defendant), among others, to recover damages for breach of contract. The plaintiff served the defendant pursuant to CPLR 308(4). The defendant failed to answer the complaint, and a judgment was entered against, among others, the defendant in May 2021.
In August 2021, the defendant moved, inter alia, pursuant to CPLR 5015(a) to vacate so much of the judgment as was in favor of the plaintiff and against the defendant. The Supreme Court denied the motion, concluding that the defendant had failed to address the issue of a meritorious defense. The defendant moved for leave to reargue her prior motion, among other things, to vacate so much of the judgment as was in favor of the plaintiff and against the defendant. By order entered May 7, 2023, the court, inter alia, upon reargument, adhered to its original determination denying the defendant's prior motion. The defendant appeals.
"When a defendant seeking to vacate a default judgment raises a jurisdictional objection pursuant to CPLR 5015(a)(4), the court is required to resolve the jurisdictional question before determining whether it is appropriate to grant a discretionary vacatur of the default under CPLR 5015(a)(1)" (U.S. Bank N.A. v Giraldo, 192 AD3d 720, 721 [internal quotation marks omitted]). "The burden of proving that personal jurisdiction has been acquired over a defendant in an action rests with the plaintiff" (JPMorgan Chase Bank, N.A. v Grinkorn, 172 AD3d 1183, 1185). [*2]"Ordinarily, a process server's affidavit of service constitutes prima facie evidence that the defendant was validly served" (Globe Trade Capital, LLC v Hoey, 199 AD3d 769, 771 [internal quotation marks omitted]). However, "when a defendant submits a sworn denial of receipt of service containing specific facts to refute the statements in the affidavit of the process server, the prima facie showing is rebutted and the plaintiff must establish personal jurisdiction by a preponderance of the evidence at a hearing" (U.S. Bank N.A. v Sodhi, 199 AD3d 1038, 1039 [internal quotation marks omitted]).
Here, the defendant's jurisdictional challenge is without merit. The process server's affidavit establishes, prima facie, that the defendant was validly served. The defendant failed to rebut this showing. Although the defendant submitted evidence that she sold the property where service was effectuated nine months before the first attempted service, she offered no evidence that she was not living at that property or that she was living elsewhere, at the time of the attempted service.
For similar reasons, the defendant failed to establish her entitlement to a discretionary vacatur, as the defendant failed to proffer a reasonable excuse for her default in appearing or answering the complaint. In light of the foregoing, this Court need not consider whether the defendant had a meritorious defense to the action (see Wells Fargo Bank, N.A. v Senenfelder, 225 AD3d 728, 729). Accordingly, the Supreme Court, upon reargument, properly adhered to its original determination denying the defendant's motion, inter alia, pursuant to CPLR 5015(a) to vacate so much of the judgment as was in favor of the plaintiff and against the defendant.
LASALLE, P.J., IANNACCI, FORD and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court