■ COOLIDGE EAST EQUITIES, L.P., Appellant, v FAYE G. BABCOCK, Also Known as F.G. BABCOCK, et al., Respondents, et al., Defendant. [724 NYS2d 242] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly denied plaintiff's motion for summary judgment and granted the cross motions of Faye G. Babcock, a/k/a F.G. Babcock, and Carol B. Babcock, and First Community Industrial Bank (defendants) for summary judgment·dismissing the complaint against them and directing the Jefferson County Clerk to cancel and discharge of record the notice of pendency filed by plaintiff. In support of its motion, plaintiff contends that a dragnet clause in a 1988 mortgage (*see generally, State Bank v Fioravanti*, 51 NY2d 638, 644), signed by Faye Babcock and Carol Babcock, secures a debt incurred by Faye in 1992, while defendants contend in support of the cross motions that the 1988 mortgage was extinguished when the balance was paid off in 1989, despite the absence of a formal discharge. Although the court erred in determining that the 1988 mortgage was extinguished (*see generally, State Bank v Fioravanti, supra*, at 645-646; *cf., Bogert v Striker*, 148 NY 194, 197-199), we nevertheless

conclude that defendants' cross motions were properly granted because only Faye Babcock signed the 1992 note, and his sole signature could not secure the debt under the jointly executed 1988 mortgage. Plaintiff relies on provisions in the 1988 mortgage stating that, "If there are more than one Mortgagor each shall be separately liable * * * If there are more than one Mortgagor or Mortgagee the words 'Mortgagor' and 'Mortgagee' used in this Mortgage includes them." That reliance is misplaced. The first sentence "merely states the common law rule that the debtors to a joint obligation are jointly and severally liable" (*Loudermilk v Citizens Bank*, 505 NE2d 107, 110 [Ind]), and the second sentence has no legal import but simply provides that use of the singular refers to the plural. We conclude that those provisions are not sufficient to bind both mortgagors based solely upon the signature of one mortgagor (*see, Loudermilk v Citizens Bank, supra*, at 110; *Holland v Bank of Lucedale*, 204 So 2d 875, 877 [Miss]). Thus, contrary to plaintiff's contention, the dragnet clause does not secure the 1992 note. (Appeal from Order of Supreme Court, Jefferson County, Gilbert, J.—Summary Judgment.) Present—Green, J. P., Hayes, Hurlbutt, Kehoe and Lawton, JJ.