U.S. Bank N.A. v Cabrera (2021 NY Slip Op 02009)





U.S. Bank N.A. v Cabrera


2021 NY Slip Op 02009


Decided on March 31, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 31, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2019-02666
 (Index No. 19463/13)

[*1]U.S. Bank National Association, etc., respondent,
v
Heylin Cabrera, appellant, et al., defendants.


Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for appellant.
Stein Wiener & Roth, LLP (Gerald Roth and Reed Smith LLP, New York, NY [Andrew Messite and Natsayi Mawere], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Heylin Cabrera appeals from a judgment of foreclosure and sale of the Supreme Court, Kings County (Noach Dear, J.), dated January 2, 2019. The judgment of foreclosure and sale, upon an order of the same court dated November 8, 2017, inter alia, denying that branch of that defendant's motion which was to dismiss the complaint insofar as asserted against her for failure to comply with a court rule, among other things, directed the sale of the subject property.
ORDERED that the judgment of foreclosure and sale is affirmed, with costs.
The plaintiff commenced this action against the defendant Heylin Cabrera (hereinafter the defendant), among others, to foreclose a mortgage on real property located in Brooklyn. The defendant did not answer the complaint. In an order dated April 27, 2015, made upon the plaintiff's motion, the Supreme Court referred the matter to a referee to compute the amount due to the plaintiff.
By order to show cause dated November 16, 2016, the defendant moved, inter alia, to dismiss the complaint insofar as asserted against her for failure to comply with Kings County Supreme Court Uniform Civil Term Rules, part F, rule 8 (hereinafter Rule 8). The plaintiff opposed the motion, arguing, among other things, that it had a reasonable excuse for its failure to comply with Rule 8. In an order dated November 8, 2017, the Supreme Court denied the defendant's motion to dismiss the complaint. Subsequently, the court issued a judgment of foreclosure and sale dated January 2, 2019, which, among other things, directed the sale of the subject property. The defendant appeals from the judgment of foreclosure and sale, asserting that the court should have granted that branch of her motion which was to dismiss the complaint insofar as asserted against her for failure to comply with Rule 8.
"Rule 8 requires a plaintiff in a foreclosure action to file a motion for a judgment of foreclosure within one year of entry of the order of reference" (Retained Realty, Inc. v Koenig, 166 AD3d 691, 691; see OneWest Bank, FSB v Rodriguez, 171 AD3d 772, 773). Where the plaintiff offers an excuse for its failure to comply with Rule 8, "[t]he determination of whether [the] excuse [*2]is reasonable is committed to the sound discretion of the motion court" (U.S. Bank, N.A. v Dorvelus, 140 AD3d 850, 852; see OneWest Bank, FSB v Rodriguez, 171 AD3d at 773).
Here, the Supreme Court's exercise of discretion to accept the plaintiff's excuse for its failure to comply with Rule 8 was not improvident. The plaintiff's counsel averred that, upon being substituted as plaintiff's counsel in September 2015, which was within the one-year period set forth in Rule 8, they repeatedly attempted to contact the referee to determine the status of his Oath and Report. However, their efforts were not successful. This assertion was corroborated by an order issued by the court in August 2016, substituting the referee on the ground that it appeared that he was unable to fulfill his appointment. Under these circumstances, the court did not improvidently exercise its discretion in excusing the plaintiff's delay in moving for a judgment of foreclosure and sale (see OneWest Bank, FSB v Rodriguez, 171 AD3d at 773).
Accordingly, we affirm the judgment of foreclosure and sale.
AUSTIN, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court