Deutsche Bank Natl. Trust Co. v Zagari (2022 NY Slip Op 00403)





Deutsche Bank Natl. Trust Co. v Zagari


2022 NY Slip Op 00403


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
FRANCESCA E. CONNOLLY
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER, JJ.


2019-04761
 (Index No. 31789/09)

[*1]Deutsche Bank National Trust Company, etc., respondent,
v
Paul Zagari, appellant, et al., defendants.


Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for appellant.
Gross Polowy LLC (Amanie A. Akarah and Reed Smith LLP, New York, NY [Brenda Beauchamp Ward, Andrew B. Messite, and James Faller], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Paul Zagari appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Kings County (Noach Dear, J.), dated October 3, 2018. The order and judgment of foreclosure and sale granted the plaintiff's motion for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
The plaintiff commenced this action to foreclose a residential mortgage against, among others, the defendant Paul Zagari, following Zagari's default on his required monthly payments on the mortgage loan. Thereafter, the plaintiff and Zagari entered into settlement negotiations pursuant to CPLR 3408. However, the parties were unable to settle the action via a loan modification, and the action was ultimately released from the foreclosure settlement conference part. In an order dated July 14, 2014, the Supreme Court, inter alia, granted the plaintiff's motion for summary judgment on the complaint insofar as asserted against Zagari and for an order of reference. The court issued an order of reference dated October 2, 2015. Zagari subsequently moved to impose a sanction upon the plaintiff for failing to negotiate in good faith pursuant to CPLR 3408(f) during the settlement conferences. In an order dated November 2, 2017, the court denied Zagari's motion.
The plaintiff moved for a judgment of foreclosure and sale. Zagari cross-moved, inter alia, to dismiss the complaint insofar as asserted against him for failure to comply with Kings County Supreme Court Uniform Civil Term Rules, part F, rule 8 (hereinafter Rule 8). The Supreme Court granted the plaintiff's motion for a judgment of foreclosure and sale, denied Zagari's cross motion, and issued an order and judgment of foreclosure and sale. Zagari appeals.
Contrary to Zagari's contention, he failed to establish that the plaintiff did not act in good faith pursuant to CPLR 3408. CPLR 3408 requires the parties in a residential foreclosure [*2]action to attend settlement conferences at an early stage of the litigation, at which they must "negotiate in good faith" to reach a mutually agreeable resolution, including a loan modification, if possible (Capital One, N.A. v McComb, 180 AD3d 743, 744; see Deutsche Bank Natl. Trust Co. v Ezeji, 194 AD3d 909, 912). "However, it is obvious that the parties cannot be forced to reach an agreement, CPLR 3408 does not purport to require them to, and the courts may not endeavor to force an agreement upon the parties" (Capital One, N.A. v McComb, 180 AD3d at 744 [internal quotation marks omitted]; see Flagstar Bank, FSB v Walker, 112 AD3d 885, 886). "[W]hether a party failed to negotiate in good faith within the meaning of CPLR 3408(f) should be determined by considering whether the totality of the circumstances demonstrates that the party's conduct did not constitute a meaningful effort at reaching a resolution" (US Bank N.A. v Sarmiento, 121 AD3d 187, 203 [internal quotation marks omitted]).
Here, "[t]here is nothing in the record to support the claim that the plaintiff engaged in conduct that improperly hindered the settlement process or needlessly prevented the parties from reaching a mutually agreeable resolution" (Aurora Loan Servs., LLC v Chirinkin, 135 AD3d 676, 676). The fact that the terms of a proposed loan modification differed from a prior, interim forbearance agreement is not evidence of bad faith under the circumstances (see CIT Bank, N.A. v Singh, 191 AD3d 758). A plaintiff's failure to make an exact offer desired by the defendant does not amount to bad faith within the meaning of CPLR 3408 (see Bank of Am., N.A. v Lucido, 114 AD3d 714, 715-716; Wells Fargo Bank, N.A. v Van Dyke, 101 AD3d 638). Accordingly, the Supreme Court properly denied Zagari's motion to impose a sanction upon the plaintiff for failing to negotiate in good faith pursuant to CPLR 3408(f).
"Rule 8 requires a plaintiff in a foreclosure action to file a motion for a judgment of foreclosure within one year of entry of the order of reference" (Retained Realty, Inc. v Koenig, 166 AD3d 691, 691). "Where the plaintiff offers an excuse for its failure to comply with Rule 8, '[t]he determination of whether [the] excuse is reasonable is committed to the sound discretion of the motion court'" (U.S. Bank N.A. v Cabrera, 192 AD3d 1176, 1177, quoting U.S. Bank, N.A. v Dorvelus, 140 AD3d 850, 852). Here, the Supreme Court's exercise of discretion in accepting the plaintiff's excuse for its failure to comply with Rule 8 was not improvident (see U.S. Bank N.A. v Cabrera, 192 AD3d at 1177). Accordingly, the court properly denied that branch of Zagari's cross motion which was to dismiss the complaint insofar as asserted against him for failure to comply with Rule 8.
BARROS, J.P., CONNOLLY, HINDS-RADIX and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court