Ocwen Loan Servicing v Ponce (2022 NY Slip Op 04176)

Ocwen Loan Servicing v Ponce

2022 NY Slip Op 04176

Decided on June 29, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
CHERYL E. CHAMBERS
DEBORAH A. DOWLING, JJ.

2020-05655
 (Index No. 22480/12)

[*1]Ocwen Loan Servicing, respondent,
v
Pedro Ponce, et al., appellants, et al., defendants.

Shiryak Bowman Anderson Gill & Kadochnikov LLP, Kew Gardens, NY (Mark Anderson of counsel), for appellant Pedro Ponce.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (John E. Brigandi of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Pedro Ponce and L & K Investors, LLC, appeal from an order of the Supreme Court, Kings County (Noach Dear, J.), dated December 5, 2019. The order denied the motion of the defendants Pedro Ponce and L & K Investors, LLC, to dismiss the complaint insofar as asserted against them for failure to comply with a court rule.
ORDERED that the appeal by the defendant L & K Investors, LLC, is dismissed as abandoned; and it is further,
ORDERED that the order is affirmed on the appeal by the defendant Pedro Ponce; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
This action was commenced against the defendants Pedro Ponce and L & K Investors, LLC (hereinafter together the defendants), among others, to foreclose a mortgage on real property located in Brooklyn. The defendant Pedro Ponce answered the complaint. In an order dated February 23, 2016, the Supreme Court granted the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Pedro Ponce and for an order of reference.
On or about September 3, 2019, the defendants moved to dismiss the complaint insofar as asserted against them, on the ground that the plaintiff failed to comply with Kings County Supreme Court Uniform Civil Term Rules, Part F, Rule 8 (hereinafter Rule 8). The plaintiff opposed the motion, contending that it had a reasonable excuse for its failure to comply with Rule 8. In an order dated December 5, 2019, the Supreme Court denied the defendants' motion. The defendants appeal.
The appeal by the defendant L & K Investors, LLC, must be dismissed as abandoned, as the appellant's brief has been submitted only on behalf of the defendant Pedro Ponce (see [*2]JPMorgan Chase Bank, N.A. v Grennan, 175 AD3d 1512, 1513; Platt v New York City Health & Hosps. Corp., 105 AD3d 1026, 1027).
"Rule 8 requires a plaintiff in a foreclosure action to file a motion for a judgment of foreclosure within one year of entry of the order of reference" (Retained Realty, Inc. v Koenig, 166 AD3d 691, 691; see OneWest Bank, FSB v Rodriguez, 171 AD3d 772, 773). "Where the plaintiff offers an excuse for its failure to comply with Rule 8, '[t]he determination of whether [the] excuse is reasonable is committed to the sound discretion of the motion court'" (U.S. Bank N.A. v Cabrera, 192 AD3d 1176, 1177, quoting U.S. Bank, N.A. v Dorvelus, 140 AD3d 850, 852).
Here, in opposition to the defendants' motion, the plaintiff's counsel averred that the plaintiff's attorneys consistently monitored the case, yet did not learn until April 2018 that there was an order granting the plaintiff's motion for summary judgment and an order of reference, and, thereafter, the plaintiff made consistent efforts to gather and prepare the materials necessary for the court-appointed referee and repeatedly attempted to contact the referee to determine the status of his Oath and Computation. Under these circumstances, the Supreme Court did not improvidently exercise its discretion in excusing the plaintiff's delay in moving for a judgment of foreclosure and sale (see Wells Fargo Bank, N.A. v Enitan, 200 AD3d 736; U.S. Bank N.A. v Cabrera, 192 AD3d at 1177; OneWest Bank, FSB v Rodriguez, 171 AD3d at 773).
Accordingly, the Supreme Court properly denied the defendants' motion to dismiss the complaint insofar as asserted against them for failure to comply with Rule 8.
BARROS, J.P., IANNACCI, CHAMBERS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court