HSBC Bank USA, N.A. v Deutsch (2022 NY Slip Op 05027)

HSBC Bank USA, N.A. v Deutsch

2022 NY Slip Op 05027

Decided on August 24, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 24, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
DEBORAH A. DOWLING, JJ.

2020-09102 
2020-09103
 (Index No. 32180/09)

[*1]HSBC Bank USA, National Association, etc., respondent,
v
Michael Deutsch, appellant, et al., defendants.

Solomon Rosengarten, Brooklyn, NY, for appellant.
Robertson, Anschutz, Schneid, Crane & Partners PLLC, Westbury, NY (Joseph F. Battista of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Michael Deutsch appeals from (1) an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated October 16, 2019, and (2) a judgment of foreclosure and sale of the same court dated October 16, 2019. The order granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and denied the cross motion of the defendant Michael Deutsch to dismiss the amended complaint insofar as asserted against him for failure to comply with a court rule. The judgment of foreclosure and sale, upon the order, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (see CPLR 5501[a][1]).
On December 17, 2009, the plaintiff commenced this action against the defendant Michael Deutsch (hereinafter the defendant), among others, to foreclose a mortgage on certain property located in Brooklyn. The defendant answered the complaint. Thereafter, on December 19, 2013, the plaintiff filed a supplemental summons and amended complaint. The defendant did not answer the amended complaint. In an order entered September 29, 2016, the Supreme Court granted the plaintiff's motion, inter alia, for an order of reference and referred the matter to a referee to compute the amount due to the plaintiff. In an order dated April 12, 2018, the court granted the plaintiff's motion to appoint a substitute referee to compute the amount due to the plaintiff.
On July 30, 2018, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendant cross-moved to dismiss the amended complaint insofar as asserted against him for failure to comply with Kings County Supreme Court Uniform [*2]Civil Term Rules, part F, rule 8 (hereinafter Rule 8). In an order dated October 16, 2019, the Supreme Court granted the motion and denied the cross motion. The court issued a judgment of foreclosure and sale dated October 16, 2019, which confirmed the referee's report and directed the sale of the property. The defendant appeals from the judgment of foreclosure and sale.
"Rule 8 requires a plaintiff in a foreclosure action to file a motion for a judgment of foreclosure within one year of entry of the order of reference" (Retained Realty, Inc. v Koenig, 166 AD3d 691, 691; see Deutsche Bank Natl. Trust Co. v Zagari, 201 AD3d 883). "Where the plaintiff offers an excuse for its failure to comply with Rule 8, '[t]he determination of whether [the] excuse is reasonable is committed to the sound discretion of the motion court'" (U.S. Bank N.A. v Cabrera, 192 AD3d 1176, 1177, quoting U.S. Bank, N.A. v Dorvelus, 140 AD3d 850, 852; see OneWest Bank, FSB v Rodriguez, 171 AD3d 772, 773).
Here, contrary to the defendant's contention, the Supreme Court providently exercised its discretion in accepting the plaintiff's proffered excuse for the delay in moving for a judgment of foreclosure and sale (see Deutsche Bank Natl. Trust Co. v Zagari, 201 AD3d at 883; Wells Fargo Bank, N.A. v Enitan, 200 AD3d 736; U.S. Bank N.A. v Cabrera, 192 AD3d at 1177; OneWest Bank, FSB v Rodriguez, 171 AD3d at 773).
Accordingly, the Supreme Court properly granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and properly denied the defendant's cross motion to dismiss the amended complaint insofar as asserted against him for failure to comply with Rule 8.
In light of our determination, we need not reach the plaintiff's remaining contentions.
BRATHWAITE NELSON, J.P., RIVERA, CHAMBERS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court