Bank of N.Y. Mellon v Shurko (2022 NY Slip Op 05977)

Bank of N.Y. Mellon v Shurko

2022 NY Slip Op 05977

Decided on October 26, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
BETSY BARROS
REINALDO E. RIVERA
ROBERT J. MILLER, JJ.

2020-01410
 (Index No. 508916/16)

[*1]Bank of New York Mellon, etc., respondent,
v
Eric Shurko, et al., defendants, Adam Plotch, appellant.

Christopher Villanti, Bayside, NY, for appellant.
Eckert Seamans Cherin & Mellott, LLC, White Plains, NY (Geraldine A. Cheverko of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Adam Plotch appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated December 10, 2019. The order granted the plaintiff's motion pursuant to CPLR 2004 to extend its time to move for a judgment of foreclosure and sale.
ORDERED that the order is affirmed, with costs.
In this action to foreclose a mortgage, the plaintiff moved pursuant to CPLR 2004 to extend its time to move for a judgment of foreclosure and sale. The defendant Adam Plotch (hereinafter the defendant) opposed the motion. By order dated December 10, 2019, the Supreme Court granted the plaintiff's motion. The defendant appeals.
The Supreme Court did not improvidently exercise its discretion in granting the plaintiff's motion pursuant to CPLR 2004 to extend its time to move for a judgment of foreclosure and sale (see Wells Fargo Bank, N.A. v Enitan, 200 AD3d 736, 739; U.S. Bank N.A. v Cabrera, 192 AD3d 1176, 1177). CPLR 2004 provides that, "[e]xcept where otherwise expressly prescribed by law, the court may extend the time fixed by any statute, rule or order for doing any act, upon such terms as may be just and upon good cause shown, whether the application for extension is made before or after the expiration of the time fixed."
The defendant's contention that the action was "automatically dismissed" pursuant to Kings County Supreme Court Uniform Civil Term Rules, part F, rule 8 (hereinafter Rule 8), is without merit. Rule 8 "requires a plaintiff in a foreclosure action to file a motion for a judgment of foreclosure within one year of entry of the order of reference" (Deutsche Bank Natl. Trust Co. v Zagari, 201 AD3d 883, 884 [internal quotation marks omitted]; see OneWest Bank, FSB v Rodriguez, 171 AD3d 772, 773). Here, the plaintiff complied with Rule 8, as it moved for an extension of time in September 2019—within one year of entry of the order of reference on October 1, 2018. Thus, the action had not been "automatically dismissed" under Rule 8 when the plaintiff's motion was made. In any event, the plaintiff demonstrated a reasonable excuse for its delay in [*2]moving for a judgment of foreclosure and sale (see U.S. Bank N.A. v Cabrera, 192 AD3d at 1177; OneWest Bank, FSB v Rodriguez, 171 AD3d at 773).
The defendant's remaining contentions are without merit.
DUFFY, J.P., BARROS, RIVERA and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court