HSBC Bank USA, N.A. v Baptiste (2023 NY Slip Op 03684)

HSBC Bank USA, N.A. v Baptiste

2023 NY Slip Op 03684

Decided on July 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
BARRY E. WARHIT, JJ.

2020-06989
 (Index No. 27920/11)

[*1]HSBC Bank USA, National Association, etc., respondent, 
v
Lorian Jean Baptiste, et al., defendants, 1036 E. 105 Street Management Corp., appellant.

Avinoam Rosenfeld, Lawrence, NY, for appellant.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant 1036 E. 105 Street Management Corp. appeals from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated September 9, 2019. The order denied that defendant's motion to dismiss the complaint insofar as asserted against it for failure to comply with a court rule.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendants Lorian Jean Baptiste and 1036 E. 105 Street Management Corp. (hereinafter together the defendants), among others, to foreclose a mortgage on real property located in Brooklyn. The defendants interposed an answer to the complaint. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, and in an order dated November 25, 2013, the Supreme Court denied the motion. On appeal, this Court reversed the order and granted the motion (see HSBC Bank USA, N.A. v Baptiste, 128 AD3d 773). In an order dated February 15, 2017, the Supreme Court granted the plaintiff's subsequent motion, inter alia, for an order of reference.
In June 2019, 1036 E. 105 Street Management Corp. (hereinafter Management Corp.) moved to dismiss the complaint insofar as asserted against it on the ground that the plaintiff failed to comply with Kings County Supreme Court Uniform Civil Term Rules, part F, rule 8 (hereinafter Rule 8). The plaintiff opposed the motion, arguing that it had a reasonable excuse for its failure to comply with Rule 8. In an order dated September 9, 2019, the Supreme Court denied the motion. Management Corp. appeals.
"Rule 8 requires a plaintiff in a foreclosure action to file a motion for a judgment of foreclosure within one year of entry of the order of reference" (Retained Realty, Inc. v Koenig, 166 AD3d 691, 691). "Where the plaintiff offers an excuse for its failure to comply with Rule 8, '[t]he determination of whether [the] excuse is reasonable is committed to the sound discretion of the motion court'" (U.S. Bank N.A. v Cabrera, 192 AD3d 1176, 1177, quoting U.S. Bank, N.A. v Dorvelus, 140 AD3d 850, 852). Here, the Supreme Court providently exercised its discretion in accepting the plaintiff's excuse for its failure to comply with Rule 8 (see Wells Fargo Bank, N.A. v [*2]Enitan, 200 AD3d 736; U.S. Bank N.A. v Cabrera, 192 AD3d at 1177).
Management Corp.'s remaining contention is academic in light of our determination.
Accordingly, the Supreme Court properly denied Management Corp.'s motion to dismiss the complaint insofar as asserted against it.
DILLON, J.P., MALTESE, WOOTEN and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court