Bank of N.Y. v Levy (2024 NY Slip Op 05085)

Bank of N.Y. v Levy

2024 NY Slip Op 05085

Decided on October 16, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 16, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
LILLIAN WAN
JAMES P. MCCORMACK, JJ.

2023-08608
 (Index No. 15061/08)

[*1]Bank of New York, etc., respondent, 
v
Paul R. Levy, et al., appellants, et al., defendants.

Heller Horowitz & Feit, P.C., New York, NY (Eli Feit and Stuart A. Blander of counsel), for appellants.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Paul R. Levy and Raychell L. Larkin appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Kings County (Lawrence Knipel, J.), dated June 14, 2023. The order and judgment of foreclosure and sale, upon an order of the same court dated September 27, 2017, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Paul R. Levy and Raychell L. Larkin and for an order of reference, and denying those defendants' cross-motion for summary judgment dismissing the complaint insofar as asserted against them and to discharge the mortgage, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Paul R. Levy and Raychell L. Larkin and for an order of reference are denied, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, and the order dated September 27, 2017, is modified accordingly.
On August 8, 2006, the defendant Paul R. Levy executed a note in the amount of $975,000 in favor of Equity Now, Inc. (hereinafter Equity Now). The note was secured by a mortgage on certain real property located in Brooklyn. The mortgage agreement was executed by Levy and the defendant Raychell L. Larkin (hereinafter together the defendants).
On May 22, 2008, the plaintiff, Equity Now's alleged successor in interest, commenced this action to foreclose the mortgage against the defendants, among others. The defendants interposed an answer in which they asserted, as an affirmative defense, that the plaintiff lacked standing.
Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. In support, the plaintiff submitted an affidavit from Randall Jackson, an "AVP" of Bayview Loan Servicing, LLC (hereinafter Bayview), the plaintiff's loan servicer. Jackson averred that the plaintiff "was in possession of the original note on October 10, 2006 and maintained possession of the original note [*2]on May 22, 2008, when this action was commenced." The plaintiff also submitted an affidavit from Keli Smith, a document coordinator for Bayview. Smith averred that the original note was delivered to the plaintiff on May 16, 2008, and that the plaintiff had maintained possession of the original note since that date. The defendants cross-moved for summary judgment dismissing the complaint insofar as asserted against them and to discharge the mortgage, arguing that the plaintiff lacked standing and the mortgage failed to secure a valid debt. In an order dated September 27, 2017, the Supreme Court, among other things, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference and denied the defendants' cross-motion.
In October 2022, the plaintiff moved, inter alia, to appoint a substitute referee. The defendants cross-moved to dismiss the complaint insofar as asserted against them on the ground that the plaintiff violated Kings County Supreme Court Uniform Civil Term Rules, part F, rule 8 (hereinafter Rule 8) by failing to move for a judgment of foreclosure and sale within one year of the entry of the order of reference. In an order dated December 5, 2022, the Supreme Court denied the defendants' cross-motion, determining that the "[d]elay was excusable."
Thereafter, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. In an order and judgment of foreclosure and sale dated June 14, 2023, the Supreme Court granted the plaintiff's motion, confirmed the referee's report, and directed the sale of the subject property. The defendants appeal.
The Supreme Court erred in granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference, because the plaintiff failed to establish, prima facie, that it had standing to commence this action. A plaintiff has standing to commence a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; U.S. Bank N.A. v Hadar, 206 AD3d 688, 689). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (Dyer Trust 2012-1 v Global World Realty, Inc., 140 AD3d 827, 828; see U.S. Bank N.A. v Hadar, 206 AD3d at 689).
"Although [t]he foundation for admission of a business record usually is provided by the testimony of the custodian, the author or some other witness familiar with the practices and procedures of the particular business, it is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted" (Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205 [citation and internal quotation marks omitted]). Without the introduction of the records themselves, "a witness's testimony as to the contents of the records is inadmissible hearsay" (id. at 206 [internal quotation marks omitted]; see U.S. Bank N.A. v Kahn Prop. Owner, LLC, 206 AD3d 850, 851).
Here, the plaintiff relied on the affidavits from Jackson and Smith to demonstrate that it had possession of the note prior to commencing this action. The defendants correctly contend that neither Jackson nor Smith attached any business records to their affidavits. Thus, the assertions of Jackson and Smith that the plaintiff had possession of the note prior to commencing this action were inadmissible hearsay and insufficient to establish, prima facie, the plaintiff's standing (see Bank of N.Y. Mellon v Gordon, 171 AD3d at 205).
However, the Supreme Court properly denied the defendants' cross-motion for summary judgment dismissing the complaint insofar as asserted against them and to discharge the mortgage. Although the plaintiff failed to establish, prima facie, that it had standing to commence this action, the defendants failed to establish, prima facie, that the plaintiff did not have standing (see BAC Home Loans Servicing, LP v Rychik, 161 AD3d 924, 925-926). Further, the defendants' contention that the mortgage did not secure a valid debt was without merit (cf. Coolidge E. Equities v Babcock, 283 AD2d 968).
The Supreme Court providently exercised its discretion in denying the defendants' [*3]subsequent cross-motion to dismiss the complaint insofar as asserted against them on the ground that the plaintiff violated Rule 8. "Rule 8 requires a plaintiff in a foreclosure action to file a motion for a judgment of foreclosure within one year of entry of the order of reference" (Retained Realty, Inc. v Koenig, 166 AD3d 691, 691; see HSBC Bank USA, N.A. v Baptiste, 218 AD3d 448, 449). "Where the plaintiff offers an excuse for its failure to comply with Rule 8, '[t]he determination of whether [the] excuse is reasonable is committed to the sound discretion of the motion court'" (U.S. Bank N.A. v Cabrera, 192 AD3d 1176, 1177, quoting U.S. Bank, N.A. v Dorvelus, 140 AD3d 850, 852). Here, the court providently exercised its discretion in accepting the plaintiff's excuse for its failure to comply with Rule 8 (see U.S. Bank N.A. v Cabrera, 192 AD3d at 1177).
The defendants' remaining contentions need not be reached in light of the foregoing.
IANNACCI, J.P., MALTESE, WAN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court