Wells Fargo Bank N.A. v Kahan (2025 NY Slip Op 03354)

Wells Fargo Bank N.A. v Kahan

2025 NY Slip Op 03354

Decided on June 4, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 4, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
DONNA-MARIE E. GOLIA, JJ.

2022-06268
 (Index No. 26799/09)

[*1]Wells Fargo Bank N.A., respondent, 
v
Rifky Kahan, appellant, et al., defendants.

Petroff Amshen LLP, Brooklyn, NY (Steven Amshen and James Tierney of counsel), for appellant.
Gross Polowy LLC (Reed Smith LLP, New York, NY [James N. Faller and Andrew B. Messite], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Rifky Kahan appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated June 2, 2022. The order, insofar as appealed from, denied that branch of that defendant's motion which was to dismiss the complaint insofar as asserted against her for failure to comply with a court rule.
ORDERED that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and that branch of the motion of the defendant Rifky Kahan which was to dismiss the complaint insofar as asserted against her for failure to comply with a court rule is granted.
Wachovia Bank, National Association (hereinafter Wachovia), commenced this action against the defendant Rifky Kahan (hereinafter the defendant), among others, to foreclose a mortgage on certain real property located in Brooklyn. The defendant did not timely answer the complaint, and Wachovia moved for leave to enter a default judgment and for an order of reference. During the pendency of the motion, the defendant interposed an answer with counterclaims, but did not oppose Wachovia's motion for leave to enter a default judgment and for an order of reference. The Supreme Court issued an order of reference on July 2, 2012, which was entered on August 28, 2012.
On July 16, 2013, the Supreme Court held a status conference and issued a self-executing conditional order of dismissal pursuant to CPLR 3216 (hereinafter the conditional order), determining that more than one year had elapsed since the joinder of issue and that Wachovia had unreasonably neglected to prosecute the action. The conditional order was to go into effect if Wachovia failed to file a note of issue or otherwise proceed by motion for entry of judgment within 90 days. Wachovia did not file a note of issue or otherwise proceed within 90 days.
In March 2018, Wachovia moved to vacate the conditional order. In August 2018, the Supreme Court granted Wachovia's motion, concluding that its prior determination in the conditional order that issue had been joined was made in error. The defendant moved for leave to renew and reargue her opposition to Wachovia's motion to vacate the conditional order. In an order [*2]dated November 15, 2018, the court denied the defendant's motion, determining that issue had not joined by the defendant's untimely answer. In January 2020, Wells Fargo Bank N.A. was substituted as the plaintiff.
In November 2020, the defendant moved, inter alia, to dismiss the complaint insofar as asserted against her for failure to comply with Kings County Supreme Court Uniform Civil Term Rules, Part F, rule 8, which has since been re-designated as rule 7 (hereinafter Rule 8). In an order dated June 2, 2022, the Supreme Court, among other things, denied that branch of the defendant's motion, noting that the "failure to strictly comply with local rule 8 is insufficient herein to dismiss this case." The defendant appeals.
"Rule 8 requires a plaintiff in a foreclosure action to file a motion for a judgment of foreclosure within one year of entry of the order of reference" (Retained Realty, Inc. v Koenig, 166 AD3d 691, 691). "Where the plaintiff offers an excuse for its failure to comply with Rule 8, '[t]he determination of whether [the] excuse is reasonable is committed to the sound discretion of the motion court'" (U.S. Bank, N.A. v Cabrera, 192 AD3d 1176, 1177, quoting U.S. Bank, N.A. v Dorvelus, 140 AD3d 850, 852). "Reversal is warranted 'if that discretion is improvidently exercised'" (OneWest Bank, FSB v Rodriguez, 171 AD3d 772, 773, quoting Pipinias v J. Sackaris & Sons, Inc., 116 AD3d 749, 752).
Here, the Supreme Court improvidently exercised its discretion in denying that branch of the defendant's motion which was to dismiss the complaint insofar as asserted against her for failure to comply with Rule 8. The order of reference was entered on August 28, 2012, and the conditional order did not go into effect until October 2013. The fact that the conditional order was improper did not shield Wachovia from its obligation to comply with Rule 8, as the conditional order did not go into effect until more than one year after the order of reference was entered, and the plaintiff failed to provide a reasonable excuse as to why Wachovia did not move for a judgment of foreclosure and sale prior to August 28, 2013. Contrary to the court's determination, the failure to comply with Rule 8 is a sufficient ground upon which to dismiss a foreclosure action (see generally U.S. Bank, N.A. v Cabrera, 192 AD3d 1176; Bank of Am., N.A. v McAlpin, 171 AD3d 999; OneWest Bank, FSB v Rodriguez, 171 AD3d 772), and the subject branch of the defendant's motion should have been granted for the plaintiff's failure to provide a reasonable excuse as to why Wachovia did not comply with this court rule.
The defendant's remaining contention need not be reached in light of our determination.
MILLER, J.P., FORD, LOVE and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court