Wells Fargo Bank, N.A. v Haylett (2026 NY Slip Op 01817)

Wells Fargo Bank, N.A. v Haylett

2026 NY Slip Op 01817

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2023-03243
 (Index No. 23649/09)

[*1]Wells Fargo Bank, N.A., respondent,
vElly C. Haylett, appellant, et al., defendants.

Petroff Amshen LLP, Brooklyn, NY (James Tierney and Steven Amshen of counsel), for appellant.
Reed Smith LLP, New York, NY (Andrew B. Messite and Michael V. Margarella of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Elly C. Haylett appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Kings County (Lawrence Knipel, J.), dated January 19, 2023. The order and judgment of foreclosure and sale, upon an order of the same court also dated January 19, 2023, granting the plaintiff's motion, inter alia, to confirm a referee's report and for a judgment of foreclosure and sale and denying the cross-motion of the defendant Elly C. Haylett to dismiss the complaint insofar as asserted against him for failure to comply with Kings County Supreme Court Uniform Civil Term Rules, Part F, rule 8, and/or RPAPL 1304, among other things, granted the same relief to the plaintiff, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
The plaintiff commenced this action to foreclose a mortgage given by the defendant Elly C. Haylett (hereinafter the defendant) encumbering certain real property located in Brooklyn. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and to appoint a referee to compute the amount due to the plaintiff. In support of its motion, the plaintiff argued, among other things, that it complied with the notice requirements of RPAPL 1304 and submitted proof of its purported compliance therewith. The defendant opposed the motion and moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him. By order dated December 23, 2016, the Supreme Court, inter alia, granted those branches of the plaintiff's motion and denied the defendant's motion. In another order dated December 23, 2016 (hereinafter the order of reference), the court granted those branches of the plaintiff's motion and referred the matter to a referee to compute the amount due to the plaintiff. The defendant appealed from the order of reference, which appeal was deemed dismissed pursuant to 22 NYCRR 1250.10(a). On July 25, 2022, the referee issued a report computing the amount due to the plaintiff. The plaintiff moved, among other things, to confirm the referee's report and for a judgment of foreclosure and sale. The defendant opposed the motion and cross-moved to dismiss the complaint insofar as asserted against him for failure to comply with Kings County Supreme Court Uniform Civil Term Rules, Part F, rule 8 (hereinafter [*2]Rule 8), and/or RPAPL 1304. The plaintiff opposed the cross-motion. By order dated January 19, 2023, the court, inter alia, granted those branches of the plaintiff's motion and denied the defendant's cross-motion. On the same day, the court issued an order and judgment of foreclosure and sale, among other things, directing the sale of the property. The defendant appeals.
"Rule 8 requires a plaintiff in a foreclosure action to file a motion for a judgment of foreclosure within one year of entry of the order of reference" (Bank of N.Y. v Levy, 231 AD3d 917, 920 [internal quotation marks omitted]; see HSBC Bank USA, N.A. v Baptiste, 218 AD3d 448, 449). "Where the plaintiff offers an excuse for its failure to comply with Rule 8, the determination of whether the excuse is reasonable is committed to the sound discretion of the motion court" (U.S. Bank N.A. v Cabrera, 192 AD3d 1176, 1177 [alterations and internal quotation marks omitted]; see Bank of N.Y. v Levy, 231 AD3d at 920). Here, the Supreme Court providently exercised its discretion in accepting the plaintiff's excuse for its failure to comply with Rule 8 (see Bank of N.Y. v Levy, 231 AD3d at 920; HSBC Bank USA, N.A. v Baptiste, 218 AD3d at 449).
The defendant's contentions that the plaintiff failed to comply with RPAPL 1304 are not properly before this Court. In Bray v Cox (38 NY2d 350, 353), the Court of Appeals held that if a party's appeal is dismissed for failure to prosecute, any issue which was raised or could have been raised in that appeal generally may not be considered on a subsequent appeal (see Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750, 754). Although this Court possesses the discretion to permit review in the interest of justice, such review should be exercised sparingly (see Deutsche Bank Natl. Trust Co. v Posner, 89 AD3d 674, 675). Here, the defendant's contentions with regard to the plaintiff's compliance with RPAPL 1304 raise issues that were decided in the order of reference, the appeal from which was previously dismissed for failure to prosecute (see Pennymac Corp. v Pryce, 211 AD3d 1029, 1030; Deutsche Bank Natl. Trust Co. v Posner, 89 AD3d at 675).
The report of a referee should be confirmed whenever the findings are substantially supported by the record and the referee has clearly defined the issues and resolved matters of credibility (see U.S. Bank N.A. v Jong Shin, 224 AD3d 933, 936; Pennymac Corp. v Pryce, 211 AD3d at 1030). Computations based upon a review of unidentified and unproduced business records, however, constitute inadmissible hearsay and lack probative value (see Bank of N.Y. Mellon v Glasgow, 232 AD3d 754, 755; LFC Acquisition 3, LLC v Encino Homes Corp., 227 AD3d 1060, 1062; Deutsche Bank Natl. Trust Co. v Geslani, 222 AD3d 835, 838). Contrary to the defendant's contention, the referee's report was not premised upon unproduced and unidentified business records and, in fact, was substantially supported by the record (see Wells Fargo Bank, N.A. v O'Brien, 234 AD3d 730, 731-732), and thus, the Supreme Court properly confirmed the referee's report (see Nationstar Mtge., LLC v Hassanzadeh, 228 AD3d 948, 951).
Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for a judgment of foreclosure and sale and properly denied the defendant's cross-motion to dismiss the complaint insofar as asserted against him for failure to comply with Rule 8 and/or RPAPL 1304.
BARROS, J.P., CHRISTOPHER, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court