Capital One, N.A. v McComb (2020 NY Slip Op 01041)





Capital One, N.A. v McComb


2020 NY Slip Op 01041


Decided on February 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
SHERI S. ROMAN
BETSY BARROS, JJ.


2017-09364
 (Index No. 10562/12)

[*1]Capital One, N.A., etc., respondent, 
v
Leslie A. McComb, appellant, et al., defendants.


Kupillas, Unger & Benjamin, LLP, New York, NY (Jeffrey Benjamin of counsel), for appellant.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Edward L. Poff of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Leslie A. McComb appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered May 12, 2017. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike that defendant's answer and dismiss her affirmative defenses, and to appoint a referee to compute the amount due to the plaintiff, and denied that defendant's cross motion to compel the plaintiff to enter into a mortgage loan modification agreement.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to foreclose a residential mortgage against, among others, the defendant Leslie A. McComb, following McComb's default on her required monthly payments on the mortgage loan. Thereafter, the parties entered into settlement negotiations pursuant to CPLR 3408. However, the action was ultimately released from the settlement part, and the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against McComb, to strike her answer and dismiss her affirmative defenses, and to appoint a referee to compute the amount due to the plaintiff. McComb opposed the motion on the basis that the plaintiff acted in bad faith (see CPLR 3408) and cross-moved to compel the plaintiff to enter into a loan modification agreement. The Supreme Court, among other things, granted the aforementioned branches of the plaintiff's motion and denied McComb's cross motion. McComb appeals.
" Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default'" (Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684, quoting Plaza Equities, LLC v Lamberti, 118 AD3d 688, 689). Once the plaintiff has made such a showing, the burden then shifts to the defendant to demonstrate "the existence of a triable issue of fact as to a bona fide defense to the action" (Baron Assoc., LLC v Garcia Group Enters., Inc., 96 AD3d 793, 793; see Wells Fargo Bank, N.A. v Cohen, 80 AD3d 753, 755; Rose v Levine, 52 AD3d 800, 801).
Here, the plaintiff met its prima facie burden by producing the underlying mortgage, the unpaid note, and evidence of default (see Baron Assoc., LLC v Garcia Group Enters., Inc., 96 [*2]AD3d at 793; GRP Loan, LLC v Taylor, 95 AD3d 1172, 1173; Citibank, N.A. v Van Brunt Props., LLC, 95 AD3d 1158, 1159). In opposition, McComb failed to raise a triable issue of fact.
Contrary to McComb's contention, she failed to establish that the plaintiff did not act in good faith pursuant to CPLR 3408. CPLR 3408 mandates settlement conferences in residential foreclosure actions (see CPLR 3408[a]), and requires that the parties at a settlement conference negotiate in good faith (see CPLR 3408[f]). "However, it is obvious that the parties cannot be forced to reach an agreement, CPLR 3408 does not purport to require them to, and the courts may not endeavor to force an agreement upon the parties" (Wells Fargo Bank, N.A. v Meyers, 108 AD3d 9, 20). Here, the plaintiff cannot be said to have acted in bad faith by not executing a loan modification agreement after McComb made three payments on time under a "Trial Period Plan" (hereinafter TPP). The TPP included additional prerequisite conditions to execution of a loan modification agreement, for which there is no evidence of compliance.
Accordingly, we agree with the Supreme Court's determination granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against McComb, to strike her answer and dismiss her affirmative defenses, and to appoint a referee to compute the amount due to the plaintiff, and denying McComb's cross motion to compel the plaintiff to enter into a loan modification agreement.
RIVERA, J.P., BALKIN, ROMAN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court