CIT Bank, N.A. v Singh (2021 NY Slip Op 00832)





CIT Bank, N.A. v Singh


2021 NY Slip Op 00832


Decided on February 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2019-00786
 (Index No. 6034/16)

[*1]CIT Bank, N.A., respondent, 
v
Harendra Singh, et al., appellants, et al., defendants.


Binakis Law P.C., Woodside, NY (Patrick Binakis of counsel), for appellants.
Gross Polowy, LLC, Westbury, NY (Stephen J. Vargas of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Harendra Singh and Ruby Singh appeal from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered December 5, 2018. The order denied those defendants' motion, inter alia, pursuant to CPLR 5015(a)(1) to vacate an order and judgment of foreclosure and sale of the same court entered January 10, 2018.
ORDERED that the order is affirmed, with costs.
In November 2007, the defendants Harendra Singh and Ruby Singh (hereinafter together the defendants) executed a note in the sum of $2,755,489 which was secured by a mortgage on residential property located in Nassau County. In August 2016, the plaintiff commenced this action against the defendants, among others, to foreclose the mortgage, alleging that the defendants defaulted in their monthly payment obligations due on the note beginning October 1, 2014.
After the defendants interposed an answer, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference. The defendants failed to oppose the motion. In an order dated July 20, 2017, the Supreme Court granted the motion and referred the matter to a referee to compute the amount due to the plaintiff. The plaintiff then moved, among other things, for an order confirming the referee's report and a judgment of foreclosure and sale. The defendants also failed to oppose that motion. The court issued an order and judgment of foreclosure and sale, entered January 10, 2018, inter alia, confirming the referee's report and directing the foreclosure sale of the subject property.
In August 2018, the defendants moved, inter alia, pursuant to CPLR 5015(a)(1) to vacate the order and judgment of foreclosure and sale. By order entered December 5, 2018, the Supreme Court denied this motion, and the defendants appeal.
"[A] defendant seeking relief under [CPLR 5015(a)(1)] must demonstrate a reasonable excuse for the default and a potentially meritorious defense" (Nationstar Mtge., LLC v Brignol, 181 AD3d 881, 882). Here, assuming that the defendants established a reasonable excuse for their failure to oppose the plaintiff's motions (see e.g. Whitmore v JP Morgan Chase, N.A., 181 AD3d 941, 942; Rekhtman v Clarendon Holding Co., Inc. 165 AD3d 856, 857), they did not demonstrate a potentially meritorious defense to the foreclosure action (see Deutsche Bank Natl. [*2]Trust Co. v Ramirez, 117 AD3d 674, 676).
"CPLR 3408 mandates settlement conferences in residential foreclosure actions, and requires that the parties at a settlement conference negotiate in good faith" (Capital One, N.A. v McComb, 180 AD3d 743, 744 [citation omitted]). "However, it is obvious that the parties cannot be forced to reach an agreement, CPLR 3408 does not purport to require them to, and the courts may not endeavor to force an agreement upon the parties" (Wells Fargo Bank, N.A. v Meyers, 108 AD3d 9, 20). "[W]hether a party failed to negotiate in 'good faith' within the meaning of CPLR 3408(f) should be determined by considering whether the totality of the circumstances demonstrates that the party's conduct did not constitute a meaningful effort at reaching a resolution" (US Bank N.A. v Sarmiento, 121 AD3d 187, 203).
Contrary to the defendants' contentions, the record does not demonstrate that the plaintiff failed to negotiate in good faith. The parties participated in a settlement conference pursuant to CPLR 3408 on December 7, 2016, where the defendants represented, inter alia, that they had no income and that Harendra Singh was subject to a criminal conviction. Thus, in light of the totality of the circumstances, the defendants failed to establish that the plaintiff's refusal to grant the defendants' application for a loan modification was in bad faith, warranting a hearing (see Deutsche Bank Natl. Trust Co. v Twersky, 135 AD3d 895, 896; American Airlines Fed. Credit Union v Mohamed, 117 AD3d 974, 975).
Accordingly, the Supreme Court properly denied the defendants' motion, inter alia, pursuant to CPLR 5015(a)(1) to vacate the order and judgment of foreclosure and sale.
The defendants' remaining contentions are improperly raised for the first time on appeal.
RIVERA, J.P., AUSTIN, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court