Wells Fargo Bank, N.A. v Graziano (2021 NY Slip Op 02016)





Wells Fargo Bank, N.A. v Graziano


2021 NY Slip Op 02016


Decided on March 31, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 31, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2019-04848
 (Index No. 5364/13)

[*1]Wells Fargo Bank, National Association, etc., respondent,
v
Anthony J. Graziano, appellant, et al., defendants.


Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (David Gantz of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Anthony J. Graziano appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered March 6, 2019. The order, insofar as appealed from, denied those branches of that defendant's motion which were for a hearing to determine whether the plaintiff met its obligation to negotiate in good faith pursuant to CPLR 3408(f), and to enjoin the plaintiff from conducting a foreclosure sale of the subject property pursuant to RPAPL 1351.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against the defendant Anthony J. Graziano (hereinafter the defendant), among others, to foreclose a mortgage on residential property in Valley Stream (hereinafter the premises). The defendant failed to appear or answer the complaint. During residential foreclosure conferences held pursuant to CPLR 3408, the loan servicer denied the defendant's application for a loan modification. In July 2014, a court attorney referee directed the plaintiff to proceed with the action. By order dated April 21, 2015, the Supreme Court granted the plaintiff's motion, inter alia, for leave to enter a default judgment and an order of reference. On June 9, 2016, the court issued a judgment of foreclosure and sale. In December 2016 and again in January 2018, the defendant filed Chapter 13 bankruptcy petitions. After both petitions were dismissed, the plaintiff advised the Supreme Court that it intended to proceed with a foreclosure sale, and the premises were scheduled to be sold at public auction on January 8, 2019. Thereafter, the defendant moved, inter alia, for a hearing to determine whether the plaintiff met its obligation to negotiate in good faith pursuant to CPLR 3408(f) and to enjoin the sale of the premises pursuant to RPAPL 1351. The Supreme Court denied the defendant's motion, and the defendant appeals.
"A judgment of foreclosure and sale is final as to all questions at issue between the parties, and concludes all matters of defense which were or might have been litigated in the foreclosure action" (Ciraldo v JP Morgan Chase Bank, N.A., 140 AD3d 912, 913; see Dupps v Betancourt, 121 AD3d 746, 747). Here, the judgment of foreclosure and sale was entered upon the defendant's default in answering the complaint. Inasmuch as a judgment of foreclosure and sale had [*2]already been entered upon his default, and the defendant had not moved for relief with respect to that judgment, the Supreme Court properly denied that branch of his motion which was for a hearing to determine whether the plaintiff met its obligation to negotiate in good faith pursuant to CPLR 3408(f) (see CPLR 5015[a]; Deutsche Bank Trust Co., Ams., v Stathakis, 90 AD3d 983, 984).
The defendant's contention that the plaintiff should be enjoined from scheduling a foreclosure sale of the premises pursuant to RPAPL 1351(1) because a sale did not take place within 90 days of the date of the judgment is without merit. As amended effective December 20, 2016, RPAPL 1351(1) requires that a judgment direct the sale of the subject property within 90 days (see L 2016, ch 73, § 1, part Q, § 8 [eff Dec 20, 2016]). Here, the judgment of foreclosure and sale was dated June 9, 2016, prior to the effective date of the amendment. Therefore, the requirement that the judgment direct a sale within 90 days of the date of the judgment is inapplicable.
Accordingly, the Supreme Court properly denied those branches of the defendant's motion which were for a hearing to determine whether the plaintiff met its obligation to negotiate in good faith pursuant to CPLR 3408(f), and to enjoin the plaintiff from conducting a foreclosure sale of the premises pursuant to RPAPL 1351(1).
CHAMBERS, J.P., HINDS-RADIX, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court