Citimortgage, Inc. v Rose (2022 NY Slip Op 05516)

Citimortgage, Inc. v Rose

2022 NY Slip Op 05516

Decided on October 5, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 5, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
PAUL WOOTEN, JJ.

2019-06576
2019-06578
 (Index No. 3724/14)

[*1]Citimortgage, Inc., respondent, 
v
Karen Rose, appellant, et al., defendants. Gail M. Blasie, P.C., Garden City, NY, for appellant.

McCalla Raymer Leibert Pierce, LLC, New York, NY (Sean Howland of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Karen Rose appeals from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered April 3, 2019, and (2) an order and judgment of foreclosure and sale (one paper) of the same court, also entered April 3, 2019. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale and denied the cross motion of the defendant Karen Rose for a hearing to determine whether the plaintiff met its obligation to negotiate in good faith pursuant to CPLR 3408(f). The order and judgment of foreclosure and sale, insofar as appealed from, upon an order of the same court entered June 13, 2017, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Karen Rose and for an order of reference, and upon the order entered April 3, 2019, granted those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the appeal from the order entered April 3, 2019, is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed insofar as appealed from, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Karen Rose and for an order of reference are denied, those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale are denied, the cross motion of the defendant Karen Rose for a hearing to determine whether the plaintiff met its obligation to negotiate in good faith pursuant to CPLR 3408(f) is granted, the orders entered June 13, 2017, and April 3, 2019, are modified accordingly, and the matter is remitted to the Supreme Court, Nassau County, inter alia, for a hearing and determination of that issue; and it is further,
ORDERED that one bill of costs is awarded to the defendant Karen Rose.
The appeal from the order entered April 3, 2019, must be dismissed because the right [*2]of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
The plaintiff commenced this action against the defendant Karen Rose (hereinafter the defendant), among others, to foreclose a mortgage on real property. The defendant served an answer asserting several affirmative defenses, including the plaintiff's failure to comply with the notice of default provision in the mortgage agreement.
As mandated by CPLR 3408(a), the plaintiff and the defendant participated in settlement conferences for the statutorily intended purpose of determining whether they could reach a "mutually agreeable resolution" (id. § 3408[f]). After the plaintiff denied the defendant's application seeking a loan modification pursuant to the federal Home Affordable Modification Program (hereinafter HAMP), the Supreme Court issued an order releasing the action from the foreclosure settlement conference part, but providing the defendant 30 days to appeal from the denial of her application and staying the action for 90 days.
By notice of motion dated November 29, 2016, two days after expiration of the stay, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant opposed the motion, arguing, among other things, that the plaintiff had failed to negotiate in good faith pursuant to CPLR 3408(f). The motion was granted in an order entered June 13, 2017.
The plaintiff thereafter moved, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale. The defendant cross-moved for a hearing to determine whether the plaintiff met its obligation to negotiate in good faith pursuant to CPLR 3408(f). On April 3, 2019, the Supreme Court issued an order granting the plaintiff's motion and denying the defendant's cross motion, and further entered an order and judgment of foreclosure and sale, inter alia, confirming the referee's report and directing the sale of the subject property. The defendant appeals.
As the defendant correctly contends, the plaintiff failed to demonstrate its prima facie entitlement to judgment as a matter of law on the complaint insofar as asserted against her and for an order of reference. In particular, the plaintiff failed to demonstrate, prima facie, that it complied with the provision in the mortgage agreement requiring the plaintiff to send to the defendant a notice of default containing certain advisements and setting forth a 30-day cure period. The affidavit of its employee, Lindsay Hodges, was insufficient for this purpose inasmuch as Hodges failed to attach business records upon which she relied—specifically, the notice of default itself—in averring that notice was provided in compliance with the mortgage agreement. Since Hodges's averment was therefore hearsay lacking in probative value (see JPMorgan Chase Bank, N.A. v Newton, 203 AD3d 902; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205-206), those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference should have been denied.
Furthermore, the Supreme Court improperly denied the defendant's cross motion for a hearing to determine whether the plaintiff met its obligation to negotiate in good faith pursuant to CPLR 3408(f). "The purpose of the good-faith requirement in CPLR 3408 is to ensure that both the plaintiff and the defendant are prepared to participate in a meaningful effort at the settlement conference to reach a resolution" (Citimortgage, Inc. v Nimkoff, 159 AD3d 869, 870). To conclude that a party failed to negotiate in good faith pursuant to CPLR 3408(f), a court must determine that "the totality of the circumstances demonstrates that the party's conduct did not constitute a meaningful effort at reaching a resolution" (US Bank N.A. v Sarmiento, 121 AD3d 187, 203).
Here, the defendant's submissions in support of her cross motion raised a factual issue as to whether the plaintiff failed to negotiate in good faith and deprived her of a meaningful opportunity to resolve the action through loan modification or other potential workout options (see M & T Bank v Biordi, 176 AD3d 1194, 1197; Onewest Bank, FSB v Colace, 130 AD3d 994, [*3]995-996). Among other things, it appears from the record that the plaintiff failed to consider the defendant's appeal of the denial of her HAMP application, including her challenge to the plaintiff's "net present value" evaluation in connection with that application, despite the facts that the order releasing the action from the foreclosure settlement conference part provided the defendant an additional 30 days to appeal the denial, along with a 90-day stay of the action, and the defendant submitted her appeal within the prescribed time frame. Under these circumstances, we remit the matter to the Supreme Court, Nassau County, for a hearing to determine whether the plaintiff met its obligation to negotiate in good faith pursuant to CPLR 3408(f) and, if it did not, to impose an appropriate remedy (see id. § 3408[j]; M & T Bank v Biordi, 176 AD3d at 1197).
In light of our determination, we need not reach the parties' remaining contentions.
BARROS, J.P., IANNACCI, MILLER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court