U.S. Bank N.A. v Ramirez (2023 NY Slip Op 00228)

U.S. Bank N.A. v Ramirez

2023 NY Slip Op 00228

Decided on January 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2019-10728 
2019-10844
 (Index No. 4829/14)

[*1]U.S. Bank National Association, etc., respondent,
v
Margarita Ramirez, appellant, et al., defendants.

Charles Wallshein, Melville, NY, for appellant.
Reed Smith LLP, New York, NY (Michael V. Margarella and Andrew B. Messite of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Margarita Ramirez appeals from (1) an order of the Supreme Court, Kings County (Noach Dear, J.), dated July 1, 2019, and (2) an order and judgment of foreclosure and sale (one paper) of the same court, also dated July 1, 2019. The order, insofar as appealed from, granted the plaintiff's motion, in effect, to confirm a referee's report and for a judgment of foreclosure and sale and denied the cross motion of the defendant Margarita Ramirez for a hearing to determine whether sanctions should be imposed upon the plaintiff for failing to negotiate in good faith pursuant to CPLR 3408. The order and judgment of foreclosure and sale, upon the order, inter alia, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
On November 23, 2005, the defendant Margarita Ramirez (hereinafter the defendant) executed a note in the sum of $720,000 in favor of nonparty N.Y. Financial Mortgage Lending, Inc., which was secured by a mortgage against certain residential property located in Brooklyn. In April 2014, the plaintiff commenced this action to foreclose the mortgage against, among others, the defendant. Between October 2014 and June 2015, mandatory settlement conferences were held pursuant to CPLR 3408, but a settlement was not reached. In an order dated November 7, 2016, the Supreme Court granted the plaintiff's motion, inter alia, for an order of reference and appointed a [*2]referee to compute the amount due to the plaintiff.
In November 2017, the defendant submitted a loan modification request to the plaintiff. On March 27, 2018, the plaintiff sent a letter to the defendant informing her that she had been approved for a short sale, and that her loan had been reviewed for a fixed-rate loan modification program, but she was found ineligible for the program because the plaintiff was unable to create an affordable mortgage payment based on the documentation provided. In January 2019, the plaintiff moved, in effect, to confirm the referee's report and for a judgment of foreclosure and sale. The defendant cross-moved for a hearing to determine whether sanctions should be imposed upon the plaintiff pursuant to CPLR 3408, asserting that the plaintiff failed to negotiate in good faith when considering her loan modification request. In an order dated July 1, 2019, the Supreme Court, among other things, granted the plaintiff's motion and denied the defendant's cross motion. On the same date, the court issued an order and judgment of foreclosure and sale, inter alia, confirming the referee's report and directing the sale of the subject property. The defendant appeals.
CPLR 3408 requires the parties in a residential foreclosure action to attend settlement conferences at an early stage of the litigation, at which they must negotiate in good faith to reach a mutually agreeable resolution, including a loan modification, if possible (see 22 NYCRR 202.12-a[c][4]; Capital One, N.A. v McComb, 180 AD3d 743, 744). "However, it is obvious that the parties cannot be forced to reach an agreement, CPLR 3408 does not purport to require them to, and the courts may not endeavor to force an agreement upon the parties" (Wells Fargo Bank, N.A. v Meyers, 108 AD3d 9, 20). "'[W]hether a party failed to negotiate in "good faith" within the meaning of CPLR 3408(f) should be determined by considering whether the totality of the circumstances demonstrates that the party's conduct did not constitute a meaningful effort at reaching a resolution'" (CIT Bank, N.A. v Singh, 191 AD3d 758, 760, quoting US Bank N.A. v Sarmiento, 121 AD3d 187, 203). Further, CPLR 3408(i) provides that either party may move for a hearing to determine whether the parties have negotiated in good faith during settlement conferences. Upon a finding of failure to negotiate in good faith, the court may impose sanctions, including an award of attorneys fees and expenses (see id. § 3408[j][3]).
Here, even assuming, without deciding, the provisions of CPLR 3408 are applicable after mandatory settlement conferences have concluded, the defendant failed to establish that the plaintiff acted in bad faith by denying the defendant's loan modification request made in November 2017, or that a hearing was warranted (see CIT Bank, N.A. v Singh, 191 AD3d at 760; Capital One, N.A. v McComb, 180 AD3d at 744).
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
Accordingly, the Supreme Court properly granted the plaintiff's motion, in effect, to confirm the referee's report and for a judgment of foreclosure and sale and denied the defendant's cross motion for a hearing to determine whether sanctions should be imposed upon the plaintiff for failing to negotiate in good faith pursuant to CPLR 3408.
IANNACCI, J.P., WOOTEN, DOWLING and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court