U.S. Bank N.A. v Guercia (2023 NY Slip Op 01915)

U.S. Bank N.A. v Guercia

2023 NY Slip Op 01915

Decided on April 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2021-00070 
2021-00072
 (Index No. 15438/11)

[*1]U.S. Bank National Association, etc., respondent,
v
John Guercia, appellant, et al., defendant.

Charles Wallshein Esq. PLLC, Melville, NY (Holly Meyer of counsel), for appellant.
Reed Smith LLP, New York, NY (Andrew B. Messite and Michael V. Margarella of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant John Guercia appeals from (1) an order of the Supreme Court, Suffolk County (Robert F. Quinlan, J.), dated November 4, 2020, and (2) an order and judgment of foreclosure and sale (one paper) of the same court, also dated November 4, 2020. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were to confirm a referee's report and for a judgment of foreclosure and sale, and denied that branch of that defendant's cross-motion which was for a hearing to determine whether sanctions should be imposed upon the plaintiff for failing to negotiate in good faith pursuant to CPLR 3408(f). The order and judgment of foreclosure and sale, upon the order, inter alia, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the appeal from the order and judgment of foreclosure and sale is dismissed as academic, as the order and judgment of foreclosure and sale was vacated by an order of the same court dated November 24, 2021; and it is further,
ORDERED that the order dated November 4, 2020, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On December 9, 2005, the defendant John Guercia (hereinafter the defendant) executed a note in the sum of $359,600 in favor of nonparty First West Mortgage Bankers, Ltd., which was secured by a mortgage on certain real property located in Stony Brook. In May 2011, the plaintiff commenced this action to foreclose the mortgage against, among others, the defendant. Between March 2012 and July 2012, two mandatory settlement conferences were scheduled. In 2016, the Supreme Court granted the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference.
In August 2018, the defendant submitted a loan modification application to the plaintiff's loan servicer. On November 5, 2018, the plaintiff's loan servicer sent a letter to the [*2]defendant informing him that he had been approved for a short sale, and that while his loan had been reviewed for a modification pursuant to the proprietary fixed-rate modification program, he was found ineligible for that program because the plaintiff's loan servicer was unable to create an affordable mortgage payment based on the documentation provided.
The defendant subsequently appealed the denial of his loan modification application. The plaintiff's loan servicer denied the appeal, advising that the defendant still did not meet the requirements for a loan modification.
In January 2019, the plaintiff moved, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale. The defendant cross-moved, among other things, for a hearing to determine whether sanctions should be imposed upon the plaintiff pursuant to CPLR 3408(f), asserting that the plaintiff failed to negotiate in good faith when considering his loan modification application and his appeal of the denial of his application. In an order dated November 4, 2020, the Supreme Court, inter alia, granted those branches of the plaintiff's motion and denied that branch of the defendant's cross-motion. The defendant appeals.
CPLR 3408 requires the parties in a residential foreclosure action to attend settlement conferences at an early stage of the litigation, at which they must negotiate in good faith to reach a mutually agreeable resolution, including a loan modification, if possible (see Deutsche Bank Natl. Trust Co. v Zagari, 201 AD3d 883, 884; Capital One, N.A. v McComb, 180 AD3d 743, 744). "However, it is obvious that the parties cannot be forced to reach an agreement, CPLR 3408 does not purport to require them to, and the courts may not endeavor to force an agreement upon the parties" (Wells Fargo Bank, N.A. v Meyers, 108 AD3d 9, 20). "[W]hether a party failed to negotiate in good faith within the meaning of CPLR 3408(f) should be determined by considering whether the totality of the circumstances demonstrates that the party's conduct did not constitute a meaningful effort at reaching a resolution" (US Bank N.A. v Sarmiento, 121 AD3d 187, 203 [internal quotation marks omitted]). Further, CPLR 3408(i) provides that either party may move for a hearing to determine whether the parties have negotiated in good faith during settlement conferences. Upon a finding of failure to negotiate in good faith, the court may impose sanctions, including an award of attorneys' fees and expenses (see CPLR 3408[j][3]).
Here, even assuming, without deciding, that the provisions of CPLR 3408 are applicable after mandatory settlement conferences have concluded, based on the record before this Court, the defendant failed to establish that the plaintiff acted in bad faith by denying the defendant's loan modification application in November 2018 or his appeal of that determination (see U.S. Bank N.A. v Ramirez, 212 AD3d 749; CIT Bank, N.A. v Singh, 191 AD3d 758, 760; Capital One, N.A. v McComb, 180 AD3d at 744).
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
IANNACCI, J.P., RIVERA, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court