Deutsche Bank Natl. Trust Co. v Singh (2023 NY Slip Op 02776)

Deutsche Bank Natl. Trust Co. v Singh

2023 NY Slip Op 02776

Decided on May 24, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 24, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-05656
 (Index No. 1045/17)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Jasbir Singh, et al., appellants, et al., defendants.

Charles Wallshein, Melville, NY, for appellants.
LOGS Legal Group, LLP, Rochester, NY (Ellis Oster of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Jasbir Singh and Balvinderjit Bains appeal from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), dated November 4, 2019. The order, insofar as appealed from, denied those branches of those defendants' motion which were to stay a foreclosure sale and for a hearing to determine whether the plaintiff met its obligation to negotiate in good faith pursuant to CPLR 3408(f).
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to foreclose a mortgage on certain real property in Plainview owned by the defendants Jasbir Singh and Balvinderjit Bains (hereinafter together the defendants). A judgment of foreclosure and sale was entered on June 3, 2019, and the plaintiff scheduled a foreclosure sale. The defendants thereafter moved, inter alia, to stay the scheduled foreclosure sale and for a hearing to determine whether the plaintiff met its obligation to negotiate in good faith pursuant to CPLR 3408(f). The defendants argued that the plaintiff improperly scheduled a mortgage foreclosure sale while they had applications for a loan modification pending (see 12 CFR 1024.41[g]; see also 3 NYCRR 419.10[a][5][iii]), and had committed other violations of 12 CFR 1024.41 with respect to the handling of their loan modification applications. They argued that the plaintiff's failure to conduct a lawful review of the applications was a prima facie violation of its obligation to negotiate in good faith pursuant to CPLR 3408(f). In an order dated November 4, 2019, the Supreme Court, inter alia, denied those branches of the defendants' motion which were to stay the scheduled foreclosure sale and for a hearing to determine whether the plaintiff met its obligation to negotiate in good faith pursuant to CPLR 3408(f). The defendants appeal.
The plaintiff's alleged violations of 12 CFR 1024.41 did not provide a basis to stay the foreclosure sale (see 12 CFR 1024.41[a]; 12 USC § 2605[f][1]; see also 3 NYCRR 419.10[a][5][iii]).
"CPLR 3408 mandates settlement conferences in residential foreclosure actions, and requires that the parties at a settlement conference negotiate in good faith" (CIT Bank, N.A. v Singh, 191 AD3d 758, 760 [internal quotation marks omitted]; see Capital One, N.A. v McComb, 180 AD3d 743, 744; Citimortgage, Inc. v Nimkoff, 159 AD3d 869, 870). Although a party's compliance with [*2]applicable mortgage servicing laws, rules, and regulations is a factor in determining whether a party complied with its obligation to negotiate in good faith (see CPLR 3408[f][2], [3]), the alleged violations here did not occur in relation to the settlement conferences held pursuant to CPLR 3408 (cf. Wells Fargo Bank, N.A. v Marchisello, 2020 NY Slip Op 34395[U] [Sup Ct, Suffolk County]). Moreover, since the defendants do not seek to vacate the judgment of foreclosure and sale, they are not entitled to a bad faith hearing pursuant to CPLR 3408(i) (see Wells Fargo Bank, N.A. v Graziano, 192 AD3d 1192, 1192-1193).
Accordingly, the Supreme Court properly denied those branches of the defendants' motion which were to stay the foreclosure sale and for a hearing to determine whether the plaintiff met its obligation to negotiate in good faith pursuant to CPLR 3408(f).
DUFFY, J.P., RIVERA, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court