Wells Fargo Bank, N.A. v Mancilla (2023 NY Slip Op 05532)

Wells Fargo Bank, N.A. v Mancilla

2023 NY Slip Op 05532

Decided on November 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2021-02497
 (Index No. 33762/10)

[*1]Wells Fargo Bank, N.A., respondent, 
v
Oscar Mancilla, appellant, et al., defendants.

Charles Wallshein Esq. PLLC, Melville, NY, for appellant.
Reed Smith LLP, New York, NY (Kerren Zinner and Yimell Suarez of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Oscar Mancilla appeals from an order of the Supreme Court, Suffolk County (Howard H. Heckman, Jr., J.), dated January 23, 2020. The order granted the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Oscar Mancilla and denied that defendant's cross-motion for a hearing to determine whether sanctions should be imposed upon the plaintiff for failing to negotiate in good faith pursuant to CPLR 3408.
ORDERED that the order is affirmed, with costs.
On April 9, 2007, the defendant Oscar Mancilla (hereinafter the defendant) executed a note in the sum of $462,000, which was secured by a mortgage against certain residential property located in East Hampton. In September 2010, the plaintiff commenced this action to foreclose the mortgage against, among others, the defendant. The defendant failed to timely answer the complaint or appear in the action, including appearing at a mandatory settlement conference held in November 2010. In May 2014, the Supreme Court granted the plaintiff's motion for an order of reference upon the defendant's default in appearing or answering the complaint. On December 13, 2017, the court entered an order and judgment of foreclosure and sale.
In November 2018, the plaintiff and the defendant entered into a stipulation whereby the plaintiff agreed, inter alia, to vacate the order and judgment of foreclosure and sale insofar as it was entered against the defendant, and to review the defendant for a loan modification. In December 2018, the defendant interposed an answer in which he asserted, among other things, an affirmative defense alleging failure to negotiate in good faith during the loan modification process. From 2017 through 2019, the plaintiff denied three loan modification requests by the defendant.
In or around August 2019, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant. The defendant opposed and cross-moved for a hearing to determine whether sanctions should be imposed upon the plaintiff for failing to negotiate in good faith pursuant to CPLR 3408. In an order dated January 23, 2020, the Supreme Court granted the plaintiff's motion and denied the defendant's cross-motion. The defendant appeals.
CPLR 3408 requires the parties in a residential foreclosure action to attend settlement conferences at an early stage of the litigation, at which they must negotiate in good faith to reach a mutually agreeable resolution, including a loan modification, if possible (see 22 NYCRR 202.12-a[c][4]; U.S. Bank N.A. v Ramirez, 212 AD3d 749, 750). "However, it is obvious that the parties cannot be forced to reach an agreement, CPLR 3408 does not purport to require them to, and the courts may not endeavor to force an agreement upon the parties" (Wells Fargo Bank, N.A. v Meyers, 108 AD3d 9, 20; see U.S. Bank N.A. v Ramirez, 212 AD3d 749). To conclude that a party failed to negotiate in good faith pursuant to CPLR 3408(f), a court must determine that "the totality of the circumstances demonstrates that the party's conduct did not constitute a meaningful effort at reaching a resolution" (U.S. Bank N.A. v Smith, 123 AD3d 914, 916 [internal quotation marks omitted]). Further, CPLR 3408(i) provides that either party may move for a hearing to determine whether the parties have negotiated in good faith during settlement conferences. Upon a finding of a failure to negotiate in good faith, the court may impose sanctions, including an award of attorneys' fees and expenses (see id. § 3408[j][3]; Wells Fargo Bank, N.A. v Meyers, 108 AD3d at 11, 20-21).
Here, even assuming, without deciding, the provisions of CPLR 3408 are applicable after mandatory settlement conferences have concluded, the defendant failed to establish that the plaintiff acted in bad faith by denying the defendant's loan modification requests in 2017 through 2019, or that a hearing was warranted (see U.S. Bank N.A. v Ramirez, 212 AD3d at 751; CIT Bank, N.A. v Singh, 191 AD3d 758, 760; Capital One, N.A. v McComb, 180 AD3d 743, 744).
The defendant's remaining contention is without merit.
Accordingly, the Supreme Court properly denied the defendant's cross-motion for a hearing to determine whether sanctions should be imposed upon the plaintiff for failing to negotiate in good faith pursuant to CPLR 3408 and granted the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant.
CONNOLLY, J.P., MALTESE, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court