Deutsche Bank Natl. Trust Co. v Futerman (2024 NY Slip Op 05553)

Deutsche Bank Natl. Trust Co. v Futerman

2024 NY Slip Op 05553

Decided on November 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
JANICE A. TAYLOR, JJ.

2023-01321
2023-05935
 (Index No. 104508/08)

[*1]Deutsche Bank National Trust Company, etc., respondent,
v
Deborah Futerman, et al., appellants, et al., defendants.

Marc E. Scollar, New York, NY, for appellants.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Phionah N. Brown of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Deborah Futerman and Nir Zeer appeal from (1) an amended order of the Supreme Court, Richmond County (Charles M. Troia, J.), dated January 17, 2023, and (2) an order of the same court dated June 2, 2023. The amended order denied the motion of the defendants Deborah Futerman and Nir Zeer, in effect, (1) pursuant to CPLR 5015(a) to vacate (a) an order of the same court (Anthony I. Giacobbe, J.) dated March 10, 2009, and a judgment of foreclosure and sale of the same court (Anthony I. Giacobbe, J.) dated July 28, 2009, and (b) stated portions of an order of the same court (Anthony I. Giacobbe, J.) dated January 3, 2012, and an order of the same court (Charles M. Troia, J.) dated December 1, 2017, (2) for leave to renew (a) that branch of their motion which was for leave to renew those branches of their motion which were, in effect, pursuant to CPLR 5015(a)(4) to vacate the order dated March 10, 2009, and the judgment of foreclosure and sale, and to dismiss the complaint insofar as asserted against them, which branches had been denied in an order of the same court (Anthony I. Giacobbe, J.) dated February 1, 2011, and which branch of the prior motion which was for leave to renew had been denied in the order dated January 3, 2012, and (b) that branch of the cross-motion of the defendants Deborah Futerman, Nir Zeer, and Debra Zeer which was for leave to renew those branches of the motion of the defendants Deborah Futerman and Nir Zeer which were, in effect, pursuant to CPLR 5015(a)(4) to vacate the order dated March 10, 2009, and the judgment of foreclosure and sale, and to dismiss the complaint insofar as asserted against them, which branch of the cross-motion had been denied in the order dated December 1, 2017, and (3) pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction. The order dated June 2, 2023, insofar as appealed from, denied that branch of the motion of the defendants Deborah Futerman and Nir Zeer which was to set the matter down for a mandatory settlement conference or, in the alternative, to impose sanctions upon the plaintiff for failing to negotiate in good faith pursuant to CPLR 3408.
ORDERED that the amended order is reversed, on the law and in the exercise of discretion, that branch of the motion of the defendants Deborah Futerman and Nir Zeer which was, in effect, for leave to renew (1) that branch of their motion which was for leave to renew those branches of their motion which were, in effect, pursuant to CPLR 5015(a)(4) to vacate the order dated March 10, 2009, and the judgment of foreclosure and sale, and to dismiss the complaint insofar [*2]as asserted against them, and (2) that branch of the cross-motion of the defendants Deborah Futerman, Nir Zeer, and Debra Zeer which was for leave to renew those branches of the motion of the defendants Deborah Futerman and Nir Zeer which were, in effect, pursuant to CPLR 5015(a)(4) to vacate the order dated March 10, 2009, and the judgment of foreclosure and sale, and to dismiss the complaint insofar as asserted against them is granted, upon renewal, so much of the order dated February 1, 2011, as denied those branches of the motion of the defendants Deborah Futerman and Nir Zeer which were, in effect, pursuant to CPLR 5015(a)(4) to vacate the order dated March 10, 2009, and the judgment of foreclosure and sale, and to dismiss the complaint insofar as asserted against them is vacated, so much of the order dated January 3, 2012, as denied that branch of the motion of the defendants Deborah Futerman and Nir Zeer which was for leave to renew those branches of their motion which were, in effect, pursuant to CPLR 5015(a)(4) to vacate the order dated March 10, 2009, and the judgment of foreclosure and sale, and to dismiss the complaint insofar as asserted against them is vacated, so much of the order dated December 1, 2017, as denied that branch of the cross-motion of the defendants Deborah Futerman, Nir Zeer, and Debra Zeer which was for leave to renew those branches of the motion of the defendants Deborah Futerman and Nir Zeer which were, in effect, pursuant to CPLR 5015(a)(4) to vacate the order dated March 10, 2009, and the judgment of foreclosure and sale, and to dismiss the complaint insofar as asserted against them is vacated, that branch of the motion of the defendants Deborah Futerman and Nir Zeer which was, in effect, pursuant to CPLR 5015(a) to vacate stated portions of the orders dated January 3, 2012, and December 1, 2017, is denied as academic, and the matter is remitted to the Supreme Court, Richmond County, for a hearing to determine whether the defendants Deborah Futerman and Nir Zeer were properly served with process pursuant to CPLR 308(2) and a new determination thereafter of (1) those branches of their motion which were, in effect, pursuant to CPLR 5015(a)(4) to vacate the order dated March 10, 2009, and the judgment of foreclosure and sale, and to dismiss the complaint insofar as asserted against them, and (2) those branches of their motion which were, in effect, pursuant to CPLR 5015(a) to vacate the order dated March 10, 2009, and the judgment of foreclosure and sale, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction; and it is further,
ORDERED that the order dated June 2, 2023, is reversed insofar as appealed from, on the law, and that branch of the motion of the defendants Deborah Futerman and Nir Zeer which was to set the matter down for a mandatory settlement conference or, in the alternative, to impose sanctions upon the plaintiff for failing to negotiate in good faith pursuant to CPLR 3408 is granted to the extent of directing a hearing to determine whether the plaintiff met its obligation to negotiate in good faith pursuant to CPLR 3408(f) and, if it did not, to impose an appropriate remedy; and it is further,
ORDERED that one bill of costs is awarded to the defendants Deborah Futerman and Nir Zeer.
On June 30, 2003, the defendants Deborah Futerman and Nir Zeer (hereinafter together the borrowers) executed a note in the amount of $350,000. The debt was secured by a mortgage on real property located in Staten Island. On November 10, 2008, Aurora Loan Services, LLC (hereinafter Aurora), the plaintiff's predecessor in interest, commenced this action to foreclose the mortgage. The borrowers failed to answer the complaint, and in an order dated March 10, 2009, the Supreme Court granted Aurora's motion, among other things, for an order of reference. A judgment of foreclosure and sale was issued on July 28, 2009.
In October 2010, the borrowers moved, inter alia, in effect, pursuant to CPLR 5015(a)(4) to vacate the order dated March 10, 2009, and the judgment of foreclosure and sale based on lack of personal jurisdiction, and to dismiss the complaint insofar as asserted against them. In an order dated February 1, 2011, the Supreme Court, among other things, denied those branches of the motion. In August 2011, the borrowers moved, inter alia, for leave to renew and reargue those branches of their prior motion which were, in effect, pursuant to CPLR 5015(a)(4) to vacate the order dated March 10, 2009, and the judgment of foreclosure and sale, and to dismiss the complaint insofar as asserted against them. In an order dated January 3, 2012, the court, among other things, denied those branches of the motion.
In November 2017, the borrowers and the defendant Debra Zeer (hereinafter collectively the defendants) cross-moved, inter alia, for leave to renew and reargue those branches of the borrowers' prior motion which were, in effect, pursuant to CPLR 5015(a)(4) to vacate the order dated March 10, 2009, and the judgment of foreclosure and sale, and to dismiss the complaint insofar as asserted against them. In an order dated December 1, 2017, the Supreme Court, among other things, denied those branches of the defendants' cross-motion.
The defendants appealed from the orders dated January 3, 2012, and December 1, 2017. In a decision and order dated May 25, 2022, this Court, inter alia, affirmed the denial of those branches of the borrowers' August 2011 motion and the defendants' November 2017 cross-motion which were for leave to renew (see Deutsche Bank Natl. Trust Co. v Futerman, 205 AD3d 997).
In June 2022, the borrowers moved, in effect, (1) pursuant to CPLR 5015(a) to vacate (a) the order dated March 10, 2009, and the judgment of foreclosure and sale, and (b) stated portions of the orders dated January 3, 2012, and December 1, 2017, (2) for leave to renew (a) that branch of the borrowers' motion which was for leave to renew those branches of their motion which were, in effect, pursuant to CPLR 5015(a)(4) to vacate the order dated March 10, 2009, and the judgment of foreclosure and sale, and to dismiss the complaint insofar as asserted against them, and (b) that branch of the defendants' cross-motion which was for leave to renew those branches of the borrowers' motion which were, in effect, pursuant to CPLR 5015(a)(4) to vacate the order dated March 10, 2009, and the judgment of foreclosure and sale, and to dismiss the complaint insofar as asserted against them, and (3) pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction. In support of the motion, the borrowers submitted, among other things, various records of court and administrative proceedings that, they argued, demonstrated that Aurora's process server, Jeffrey Conocchioli, had a history of making false or dubious submissions in foreclosure actions. In an amended order dated January 17, 2023, the Supreme Court denied the borrowers' motion.
In February 2023, the borrowers moved, inter alia, to set the matter down for a mandatory settlement conference or, in the alternative, to impose sanctions upon the plaintiff for failing to negotiate in good faith pursuant to CPLR 3408. In an order dated June 2, 2023, the Supreme Court, among other things, denied that branch of the motion. The borrowers appeal from the amended order dated January 17, 2023, and the order dated June 2, 2023.
"A motion for leave to renew is addressed to the sound discretion of the court" (Flanagan v Delaney, 194 AD3d 694, 696 [internal quotation marks omitted]). However, "[a] motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (id.). Rather, "a motion for leave to renew 'shall be based upon new facts not offered on the prior motion that would change the prior determination' and 'shall contain reasonable justification for the failure to present such facts on the prior motion'" (id. [citation omitted], quoting CPLR 2221[e][2], [3]; cf. Wall St. Mtge. Bankers, Ltd. v Rodgers, 148 AD3d 1088, 1089).
Here, the new facts not offered on the prior motion and cross-motion would have changed the prior determinations (see U.S. Bank N.A. v Sodhi, 199 AD3d 1038, 1039; Wells Fargo Bank, N.A. v Final Touch Interiors, LLC, 112 AD3d 813, 814-815). Moreover, under the circumstances, the borrowers supplied a reasonable justification for their failure to present these facts on the prior motion and cross-motion. While it is true that "[e]vidence which is a matter of public record is generally not deemed new evidence which could not have been discovered with due diligence" (IMC Mtge. Co. v Vetere, 142 AD3d 954, 955 [internal quotation marks omitted]), that principle does not require a party to be omniscient, in particular, where, as here, the records at issue are not readily accessible and their utility requires additional investigation and synthesis.
Accordingly, the matter must be remitted to the Supreme Court, Richmond County, for a hearing to determine whether the borrowers were properly served with process pursuant to CPLR 308(2) and a new determination thereafter of (1) those branches of the borrowers' October 2010 motion which were, in effect, pursuant to CPLR 5015(a)(4) to vacate the order dated March [*3]10, 2009, and the judgment of foreclosure and sale, and to dismiss the complaint insofar as asserted against them, and (2) those branches of the borrowers' June 2022 motion which were, in effect, pursuant to CPLR 5015(a) to vacate the order dated March 10, 2009, and the judgment of foreclosure and sale, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them (see U.S. Bank N.A. v Sodhi, 199 AD3d at 1039).
"CPLR 3408 requires the parties in a residential foreclosure action to attend settlement conferences at an early stage of the litigation, at which they must negotiate in good faith to reach a mutually agreeable resolution, including a loan modification, if possible" (U.S. Bank N.A. v Ramirez, 212 AD3d 749, 750; see 22 NYCRR 202.12-a[c][4]; Capital One, N.A. v McComb, 180 AD3d 743, 744). Nonetheless, "the parties cannot be forced to reach an agreement, CPLR 3408 does not purport to require them to, and the courts may not endeavor to force an agreement upon the parties" (Capital One, N.A. v McComb, 180 AD3d at 744 [internal quotation marks omitted]).
"[W]hether a party failed to negotiate in 'good faith' within the meaning of CPLR 3408(f) should be determined by considering whether the totality of the circumstances demonstrates that the party's conduct did not constitute a meaningful effort at reaching a resolution" (CIT Bank, N.A. v Singh, 191 AD3d 758, 760 [internal quotation marks omitted]). A hearing may be required in order to determine whether the parties have negotiated in good faith (see Citimortgage, Inc. v Rose, 209 AD3d 623, 625-626). "Upon a finding by the court that the plaintiff failed to negotiate in good faith . . . [,] the court shall, at a minimum, toll the accumulation and collection of interest, costs, and fees during any undue delay caused by the plaintiff" (CPLR 3408[j]).
Here, the borrowers' submissions raised a factual issue as to whether the plaintiff failed to negotiate in good faith and deprived them of a meaningful opportunity to resolve the action through loan modification or other potential workout options (see Citimortgage, Inc. v Rose, 209 AD3d at 626). Among other things, the borrowers submitted evidence that the loan's servicer did not respond to the borrowers' mortgage assistance application. Under these circumstances, the matter must be remitted to the Supreme Court, Richmond County, for a hearing to determine whether the plaintiff met its obligation to negotiate in good faith pursuant to CPLR 3408(f) and, if it did not, to impose an appropriate remedy (see id. § 3408[j]; Citimortgage, Inc. v Rose, 209 AD3d at 626).
The plaintiff's remaining contentions are without merit.
BRATHWAITE NELSON, J.P., MILLER, VOUTSINAS and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court